[Civ. No. 13112.   Second Dist., Div. One.   Aug. 9, 1941.]

STATE DEPARTMENT OF INSTITUTIONS, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and GWEN CONNER, Respondents.

Donald Gallagher, W. C. Flynn and Edmund J. Thomas, Jr., for Petitioner.

Everett A. Corten for Respondents.

WHITE, J.—By this proceeding petitioner seeks to have annulled an award of the Industrial Accident Commission granting to respondent Gwen Conner compensation for injuries sustained by her while she was in the employ of petitioner as an attendant at the State Hospital at Camarillo.

The facts are not in dispute. Respondent Mrs. Conner lived twenty miles away from the hospital where she was employed. She drove to and from work in her automobile, in which she also transported a co-employee, who paid her 25¢ a day for this accommodation. On the day of the injury Mrs. Conner, having completed her work for the day at 11 p. m., left the building in which she was employed, entered her car which was parked in a parking lot provided on the premises, and drove to the front entrance of the hospital building, where she waited for her passenger. After a ten-minute wait, Mrs. Conner left her car and went up the main steps of the building to ascertain why her passenger had not appeared. On the steps she fell and broke her arm.

It is urged that the undisputed facts show that the injury did not arise out of and in the course of the employment, and therefore is not compensable under section 3600 of the Labor Code. This contention is sound. At the time of her injury, respondent Mrs. Conner not only was off duty, but was engaged upon a purely personal errand, of no direct or indirect benefit to her employer. Respondents rely in part upon authorities which hold that while an act may be in part personal to the employee, the personal element does not necessarily make it entirely foreign to the employment. An examination of such authorities discloses, however, that they lend little, if any, support to respondents' view of the present case. The conclusion to be derived from the decisions of this and other jurisdictions is well expressed in the opinion

in *Employers' etc. Corp.* v. *Industrial Acc. Comm.,* 37 Cal. App. (2d) 567, 573 [99 Pac. (2d) 1089], as follows:

"Some of the cases denying liability for injuries received while performing personal acts are based on the doctrine of strict construction of compensation acts. That doctrine has never been adopted in this state. Many of the apparently conflicting decisions are not in fact conflicting when analyzed. *Each case must necessarily turn on its own facts.*" (Emphasis added.) Continuing, the court quoted from *Whiting-Mead Co.* v. *Industrial Acc. Comm.,* 178 Cal. 505, 507 [173 Pac. 1105], as follows: "'Such acts as are necessary to the life, comfort, and convenience of the servant while at work, though strictly personal to himself, and not acts of service, are incidental to the service, and injury sustained in the performance thereof is deemed to have arisen out of the employment. A man must breathe and occasionally drink water while at work. In these and other conceivable instances he ministers unto himself, but in a remote sense these acts contribute to the furtherance of his work. . . . ' That such acts will be done in the course of employment is necessarily contemplated and they are inevitable incidents. Such dangers as attend them, therefore, are incidental dangers. At the same time injuries occasioned by them are accidents resulting from the employment." The court then concluded: "If the particular act is reasonably contemplated by the employment, injuries received while performing it arise out of the employment and are compensable. In determining whether a particular act is reasonably contemplated by the employment the nature of the act, the nature of the employment, the custom and usage of a particular employment, the terms of the contract of employment, and perhaps other factors should be considered. Any reasonable doubt as to whether the act is contemplated by the employment, in view of this state's policy of liberal construction in favor of the employee, should be resolved in favor of the employee. . . . "

[1b] Viewing the present case most liberally, it must be held nevertheless, that it does not fall within the category of those cases in which the personal activity of the employee was a natural or usual incident of the work or a mere momentary interruption thereof; but rather that it involves the assumption by the employee of a new status distinct from that of employee. (Illustrative cases are contained in an-

notations in 59 A. L. R. 370; 66 A. L. R. 756.) It may be conceded that communicating with or searching for a co-employee on the premises, for personal, social or business reasons, during working hours, might reasonably be held in some instances (depending upon the particular facts as to nature and custom of employment) properly incidental to or contemplated by the employment; but the fact in the case at bar is that the employment had ceased for the day; that respondent Conner was then and there under no duty to her employer; that she had had sufficient time to leave the building, and in fact had done so. Had she chosen to remain in the building after her day's work was done, it could not be argued that she would remain indefinitely under the protection of the act; she could not, as stated in 27 Cal. Jur. 389, "unnecessarily loiter." Nor, had she driven away from the hospital and then returned on a personal errand, could it be said that her employee status was restored while she was again on the premises.

We fail to see that the act of the employee when she was injured while returning to the building wherein she was employed for the purpose of ascertaining the cause of her co-employee's delay in leaving the building to accompany Mrs. Conner home in the latter's automobile, amounted to an act which Mrs. Conner might reasonably have been expected to do while in the performance of the duties of her employment. Manifestly, the employee was not injured while performing a duty or in connection with a duty she was employed to perform, nor was her injury sustained while she was performing an act which was naturally or reasonably an incident of her work. At the time of her injury the employee was exercising a personal privilege, for her own personal benefit, in returning to the building to ascertain what was delaying a fellow employee who was to be transported home by the injured employee for a consideration. Under the facts here present, we must hold that the injuries sustained by the employee neither arose out of nor occurred in the course of her employment.

For the foregoing reasons, the award is annulled.

York, P. J., and Doran, J., concurred.