[Civ. No. 16268.   Second Dist., Div. Two.   June 3, 1948.]

MARTHA GOUGH ROBBINS, Appellant, v. YELLOW
CAB CO. (a Corporation), Respondent.

Merrill Brown and Richard B. Newton for Appellant.

Reginald I. Bauder for Respondent.

MOORE, P. J.—Appellant sued for damages on account of injuries suffered by her as an invitee on the premises of respondent. As a separate and distinct defense respondent alleged its employment of appellant, her presence on its premises solely by reason of such employment, and "that exclusive jurisdiction lies with the Industrial Accident Commission." Upon the submission of the cause upon such issue the court below held "that the jurisdiction of this case lies solely and exclusively under the provisions of the Workmen's Compensation Laws and that under section 3601 of the Labor Code . . . plaintiff is not entitled to proceed against the employer in this case," and entered its judgment of dismissal of the action. The sole issue on this appeal is the validity of the trial court's conclusion.

Appellant was respondent's cashier and worked on the "graveyard" shift—midnight to 8 o'clock a. m. Her husband was also employed by respondent but he worked in the daytime in the trim department. The accident occurred on payday. Instead of waiting until midnight to collect her wages she called at the office about 3 p. m. where she received and cashed her check. She then visited the trim room to get her husband's check. Not having received it he asked her to call for it at the administrative office. It was the custom to allow wives of employees to receive the latters' paychecks. While proceeding from the trim room along the route customarily used by employees and their families, in traversing a washrack she slipped and fell, receiving serious injuries.

Appellant contends that the special issue of jurisdiction was erroneously decided against her for the reason that she was neither at work nor doing any act that could fairly be construed as within the scope of her employment or as an aid to her employer, and that therefore the Industrial Accident Commission did not have exclusive jurisdiction of her cause. Reason and authority clearly establish the correctness of her thesis.

Compensation may be awarded by the commission only for an injury "arising out of and in the course of the employment." (Lab. Code, § 3600.) For the injury to occur in the "course of the employment" the employee must be engaged in the work he has been hired to perform; it must occur within the period of his employment and at a place where he may reasonably be for that purpose while engaged in the performance of his duties or while doing something necessarily incident thereto. (*Griffin* v. *Industrial Acc. Com.,* 19 Cal.App.2d 727, 732 [66 P.2d 176].) In order for an industrial injury to come within the purview of the Workmen's Compensation Act the personal activity of the employee must have been the natural incident of his duties or a momentary interruption thereof. The voluntary visit of an employee to the premises of his employer for the purpose of attending to a strictly personal matter is not such an act as the employee might reasonably be expected to do in the performance of his duties. (*State Department of Institutions* v. *Industrial Acc. Com.,* 46 Cal.App.2d 439, 442 [116 P.2d 79].) The statute makes this more specific by providing that the employee must be "performing service growing out of and incidental to his employment." (Lab. Code, § 3600(b).)

Thus, generally, the employee must be performing acts within the scope of his duties and in conformity with the directions of his employer.

■ Another basic requirement for a compensation award is that the injury must be one arising out of the employment, or that it must be "proximately caused by the employment." (Lab. Code, § 3600(c).) The test for determining whether the Workmen's Compensation Act is applicable to the claim of an injured employee excludes an injury which comes from a hazard to which the workman would be equally exposed apart from the employment. (*Kimbol* v. *Industrial Acc. Com.*, 173 Cal. 351, 353 [160 P. 150, Ann.Cas. 1917E 312, L.R.A. 1917B 595].)

■ In the instant case the appellant was a cashier on the graveyard shift. She could have received her paycheck at the commencement of her shift that evening. Instead, she took advantage of the liberal policy of respondent and entered the premises at 3 o'clock in the afternoon. Such policy was for the convenience of its employees, not of respondent. The procurement of her check and that of her husband was an extracurricular endeavor by her in no way related to her employment. Appellant herein might just as readily have been subjected to the hazard of the washrack even though she had never worked a day for respondent. Thus her injury was neither one "arising out of or in the course of employment," nor while she was "performing service growing out of and incidental to employment," nor "proximately caused by the employment." (Lab. Code, § 3600.) ■ That the provisions of the act are to be liberally construed "with the purpose of extending their benefits for the protection of the persons injured in the course of their employment" (Lab. Code, § 3202) is admitted; but even a most liberal construction does not preclude the applicability of section 3601, which provides an exclusive remedy "where the conditions of compensation exist," and section 3602, which provides "in all cases where the conditions of compensation do not concur, the liability of the employer is the same as if this division had not been enacted."

It was therefore error for the trial court to conclude that the cause came within the exclusive jurisdiction of the Industrial Accident Commission. The trial court, having decided that it was without jurisdiction to try the cause, was powerless to determine that plaintiff was contributorily negligent.

Respondent's authorities, *Freire* v. *Matson Navigation Co.*,

19 Cal.2d. 8 [118 P.2d 809], and *Bethlehem Steel Co.* v. *Industrial Accident Com.*, 70 Cal.App.2d 382 [145 P.2d 583], are readily distinguishable. Both cases apply the so-called "going and coming rule." In the instant case the employee was neither going to nor coming from work when the injuries were sustained. *Employers Liability Assurance Corp.* v. *Industrial Acc. Com.*, 37 Cal.App.2d 567 [99 P.2d 1089], is likewise not controlling for there the "bunkhouse rule" is applied, and an employee compelled to live on the employer's premises and injured thereon was held entitled to compensation. In the instant case the employee entered the employer's premises by her own volition and many hours before her regular working period. *Industrial Indemnity Exchange* v. *Industrial Acc. Com.*, 26 Cal.2d 130 [156 P.2d 926] was concerned with the initial establishment of the employment relationship. In the instant case the employment is admitted but no lexicon defines cashier as an employee continuously "in the course of employment" whether on or off duty.

The judgment is reversed.

McComb, J., and Wilson, J., concurred.