[Civ. No. 23819.   Second Dist., Div. One.   July 16, 1959.]

UNITED PARCEL SERVICE OF AMERICA, INC. (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

George R. Haswell and Robert R. Smith for Petitioners.

Everett A. Corten and Edward A. Sarkisian for Respondents.

NOURSE, J. pro tem.*—Petitioners seek review and annulment of an award of the Industrial Accident Commission allowing workmen's compensation benefits to an employee who sustained an injury to his right foot while participating in a foot race at an annual company picnic.

The sole question presented is whether there was substantial evidence to justify the commission's finding that the injury so sustained by the employee arose out of and occurred in the course of his employment. Petitioner, United Parcel Service of America (hereinafter called "United"), was engaged in the business of making deliveries of merchandise to customers of stores; and respondent Byington on workdays was employed as one of its delivery truck drivers.

The annual company picnic of United at which respondent Byington was injured was held on a Sunday, which was not a workday. United's employees were not paid for attending

---

*Assigned by Chairman of Judicial Council.

said annual picnic and they were not penalized in any way for nonattendance. The picnic was held off the employer's premises at a rented park area. The employee testified that said park area was rented by the employer for the occasion. No transportation to the picnic park was furnished by United, and the employees travelled to the picnic park by their own selected means of transportation. The employees did not wear uniforms and the evidence does not show that there was anything in connection with the picnic which would advertise the service rendered by United. The employees were not required to attend the picnic and if they did not attend might employ their time as they saw fit.

The applicant as well as other employees and their families were invited to attend the picnic by an announcement of it published in the company's newspaper.[1] Their attention was also directed to the picnic by their supervisor.

■ Liability of an employer to an employee for compensation only exists where at the time of the injury the employee is performing a service growing out of and incidental to his employment and is acting in the course of his employment and the injury is proximately caused by the employment. (Lab. Code, § 3600.) ■ An injury sustained in an athletic contest is compensable as incidental to employment and within the course of employment only when it occurs on the employer's premises during a lunch or recreation period as a regular incident of employment or in cases where the employer has expressly or impliedly required participation or attendance at the function or where the employer derives a substantial direct benefit from the employee's attendance at the function or his engagement in an athletic activity, beyond the intangible value of improvement in the employee's health or morals that is common to all kinds of recreation and social life, or where the activity is one contemplated by the contract of employment and the opportunity to engage in it is a part of the

---

[1]Said announcement and invitation in the company newspaper stated in substantial part: "UPS Annual Picnic. On Sunday, July 13th, many of our UPS members and their families will journey to Mountain Oaks Park, La Crescenta . . . for a day of picnic fun. The plans and preparations for our UPS Picnic are being completed by the Personnel Department, with the hope of assuring everyone a wonderful time—a day long to be remembered. Join your fellow members and their families at this exciting event. There will be the usual picnic events—games, contests, swimming, baseball, dancing, etc. . . . Prizes will be presented to the winners!"

consideration to the employee for entering into the contract. (Larson, Workmen's Compensation Law, §§ 22:00-22:30; Hanna, The Law of Employee Injuries and Workmen's Compensation, vol. 2, pp. 171-173; Campbell, Workmen's Compensation, vol. 1, pp. 233-234; *Reinert* v. *Industrial Acc. Com.*, 46 Cal.2d 349 [294 P.2d 713] ; *Winter* v. *Industrial Acc. Com.*, 129 Cal.App.2d 174 [276 P.2d 689] ; *Boynton* v. *McKales*, 139 Cal.App.2d 777, 790-791 [294 P.2d 733].)

■ The evidence here does not establish any element which would make the injury suffered by the applicant compensable under our workmen's compensation statutes. There is no evidence that the employer received any benefit from the applicant's attending the picnic other than that which would be incidental to the employee's being psychologically or physically benefited from recreation and such benefit, of course, would be incidental to any recreation that he undertook whether at a company picnic or at some other recreation devised by the employee himself. The applicant's participation in the foot race or his attendance at the picnic did not advertise the company's service or further its business. The opportunity to attend the picnic was not a part of the contract of employment or of the consideration received by the employee for his employment. There was no compulsion either direct or indirect upon the employee to attend the picnic; it was merely an invitation to attend which he could, without any penalty, refuse and if he accepted he accepted for his own pleasure and benefit and not for the benefit of the employer.

The cases of *Reinert* v. *Industrial Acc. Com.*, *supra*, 46 Cal. 2d 349; *Winter* v. *Industrial Acc. Com.*, *supra*, 129 Cal.App. 2d 174 and *Boynton* v. *McKales, supra*, 139 Cal.App.2d 777, under the facts are not controlling here. In Reinert the opportunity to engage in the recreation (horseback riding) which was the cause of Reinert's injury, was a part of the compensation given her by her contract of employment and engaging in the recreation was incidental to and a part of the employment. In Winter, the decision was based upon the holding of the court that the evidence there showed that it was a well-established custom for the employees to engage in the activity which resulted in the injury to the applicant and was therefore an activity contemplated by the contract of employment and that the hazard which resulted in the injury was the same hazard to which the employee was exposed while at

work. In the present case the foot race did not occur at the place of employment and was not an established custom of the business and the risk to which the employee was exposed had no relation to his employment.

Boynton was an action for personal injuries and the question involved was whether the defendant was engaged in the scope and course of his employment at the time of the accident in which the plaintiff was injured. The evidence showed that the defendant-driver had attended a banquet which was closely related to the employer's sales program, the attendance at which was intended to benefit the company. The court there held that this evidence raised a question of fact to be determined by the jury, as to whether the defendant-driver was acting in the scope and course of his employment.

We hold that there was no evidence here to uphold the finding of the commission that Byington's injuries arose out of and in the course of his employment. The award is based upon that finding and must therefore be and is hereby annulled.

White, P. J., and Lillie, J., concurred.