[L. A. No. 27215.   In Bank.   June 18, 1963.]

LEONARD VAN STELLE, INC., et al., Petitioners, v. IN-
DUSTRIAL ACCIDENT COMMISSION and LORENE
I. HARTMAN, Respondents.

McCartney, Ryan, Trout & Dally and Wallace Trau for Petitioners.

Everett A. Corten, Edward A. Sarkisian, Rose, Klein, Dougherty, Scott & Wolfe and Stuart L. Dougherty for Respondents.

TOBRINER, J.—This case involves the single question of whether applicant for workmen's compensation, a real estate saleswoman, was, at the occasion of her injury, pursuant to the requirements of Labor Code section 3600, ''performing service growing out of and incidental to [her] employment.'' We shall point out that when applicant undertook a trip for the purpose of inspecting a piece of property for the real estate agency by which she was employed she assumed the status of a ''commercial traveler''; the injury which she suffered while seeking dinner upon her return journey occurred within the statutory definition of the scope of her employment.

Applicant, Mrs. Lorene Hartman, was employed the latter months of 1960 by Van Stelle, Inc., as a licensed real estate saleswoman in San Diego. Van Stelle, Inc., compensated her on a commission basis. A Mr. Leonard had indicated to the firm that he was interested in selling some ranch property located in the Lucerne Valley. On December 24th applicant discussed the Leonard property with Mr. Van Stelle, and they decided that, since the office would be closed on December 26th (a holiday), she should visit the property on that day.

Mrs. Hartman left San Diego on December 24th intending

to visit friends in San Bernardino for the holidays and to inspect the Leonard ranch. Since her friends were currently taking care of house guests she arranged to stay at a hotel in San Bernardino on the nights of the 24th, 25th and 26th. While attending a party with these friends on Christmas Day, Mrs. Hartman met a Mr. Kirkus, a landscape architect who resided in Riverside. Kirkus indicated that he was acquainted with real estate in the Lucerne Valley. Because of this knowledge, Mrs. Hartman invited Kirkus to accompany her to the Leonard property; he agreed to do so.

At about 2 p.m. on the 26th Kirkus and Mrs. Hartman left Riverside; Kirkus, due to his familiarity with the area, drove Mrs. Hartman's car. When they reached the ranch they spent a considerable period of time there, taking some highballs while discussing the property with Mr. Leonard. They left the ranch at about 8 p.m. and arrived in Riverside at about 9:30 to 10 p.m. The two then went to a place known as ''The Office,'' where they had some drinks; they then sought a restaurant for dinner. Mrs. Hartman had not eaten since noon. They located two eating establishments in Riverside but found both of them closed. Kirkus suggested a restaurant in Corona about 19 miles away. Upon arrival, this locale turned out to be both a restaurant and a bowling alley. The restaurant was closed; sandwiches, only, were available. Kirkus declined the sandwiches; instead, he imbibed a highball; Mrs. Hartman took a beer. On the way back to Riverside Kirkus lost control of the car and hit a tree; Mrs. Hartman suffered injuries.

The commission found that Mrs. Hartman at the time of the accident was ''performing service growing out of and incidental to [her] employment and . . . acting within the course of [her] employment.'' (Lab. Code, § 3600.) The opinion and order granting reconsideration, after a contrary decision by the referee, states: ''It appears that the applicant stayed over in San Bernardino on Christmas night for the sole purpose of inspecting the Lucerne Valley property the next day, which also was a business holiday. . . . Since the applicant had, consistent with the nature of her work as a real estate saleswoman, complete latitude as to her mode of travel and hours of work, there can be no question but that she was in the course of her employment while traveling to and from the Lucerne Valley property and while inspecting it, including the time taken for meals, or other acts necessary to her comfort, convenience and welfare. However, we are of the opinion

that the applicant, while on the trip to San Bernardino from her San Diego office, falls into the category of a commercial traveler, and that the applicable rule is, therefore, broader than a mere question of going and coming."

*Wiseman* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 570 [297 P.2d 649], defines and applies the doctrine of the commercial traveler. There, claimant sought benefits for the death of a vice president of a San Francisco bank who had died of asphyxiation and burns in a hotel room in New York City. The decedent had come to New York on bank business. Upon discovery of his body, the authorities found in decedent's room an unconscious woman who was not his wife but was registered as such. The woman died shortly thereafter. The evidence further indicated that the two persons had been drinking. According to the assistant fire marshal the fire had been caused by careless smoking by either one or both of the occupants.

In concluding that benefits should have been granted we stated: " 'As a general rule a commercial traveler is regarded as acting within the course of his employment during the entire period of his travel upon his employer's business. *His acts in traveling, procuring food and shelter are all incidents of the employment, and where injuries are sustained during the course of such activities, the Workmen's Compensation Act applies.'* " (Traynor, J., quoting with approval from *Dalgleish* v. *Holt*, 108 Cal.App.2d 561, 566 [237 P.2d 553]; italics added. See also *Goodrich* v. *Industrial Acc. Com.* (1943) 22 Cal.2d 604 [140 P.2d 405]; *California Casualty Indem. Exchange* v. *Industrial Acc. Com.* (1936) 5 Cal.2d 185 [53 P.2d 758]; *State Emp. etc. System* v. *Industrial Acc. Com.* (1950) 97 Cal.App.2d 380 [217 P.2d 992].)

The commission found upon the facts presented to it that Mrs. Hartman was a commercial traveler. This court has long held that it will annul an award only in the absence of substantial evidence to support it (*Riskin* v. *Industrial Acc. Com.* (1943) 23 Cal.2d 248, 254 [144 P.2d 16]) and that, indeed, the court will indulge all reasonable inferences which may be drawn from the record to sustain the commission's findings (*Phoenix Indem. Co.* v. *Industrial Acc. Com.* (1948) 31 Cal.2d 856, 859 [193 P.2d 745]; *State Emp. etc. System* v. *Industrial Acc. Com.* (1950) 97 Cal.App.2d 380, 382 [217 P.2d 992]). The record discloses ample evidence to vindicate applicant's status as a commercial traveler.

That status is not destroyed by the fact that applicant may have pursued a dual purpose in going to San Bernardino: that is, she may have intended to visit friends as well as to inspect the Leonard property. As Witkin states, "If the employee's activity has a dual purpose, i.e., if he combines personal acts with the business of his employer, and the business is a substantial factor, he is considered in the course of his employment." (2 Witkin, Summary of Cal. Law (7th ed. 1960) Workmen's Compensation, § 67, p. 1708.) ▇▇ As we said in *Lockheed Aircraft Corp.* v. *Industrial Acc. Com.* (1946) 28 Cal.2d 756, 758-759 [172 P.2d 1]: ". . . where the employee is combining his own business with that of his employer, or attending to both at substantially the same time, no nice inquiry will be made as to which business he was actually engaged in at the time of injury, unless it clearly appears that neither directly or indirectly could he have been serving his employer." (To the same effect: *Phoenix Indem. Co.* v. *Industrial Acc. Com.* (1948) 31 Cal.2d 856, 861 [193 P.2d 745]; *Employers' etc. Corp.* v. *Industrial Acc. Com.* (1940) 37 Cal. App.2d 567, 570 [99 P.2d 1089]; 1 Larson, The Law of Workmen's Compensation, p. 240.)

▇▇ Mrs. Hartman's business trip to and from the Leonard property clearly constituted at least a substantial factor in her total undertaking. Indeed, the accident occurred after the conclusion of the visit to her friends; it transpired upon the return trip from the inspection of the ranch. We cannot hold that as a matter of law Mrs. Hartman was not a commercial traveler.

In seeking to avoid the application of the doctrine of the commercial traveler respondents principally rely upon two arguments. First, they contend that the rule applies only to situations in which the employer pays the applicant's expenses; the employer did not do so here. Second, respondents argue that, assuming the applicability of the rule to the rest of the trip, the journey to Corona constituted strictly a personal deviation for which the employer bears no responsibility. We shall explain why the arguments fail.

▇▇ Turning to the contention that the commercial traveler rule does not apply here because applicant paid her own expenses. we do not believe that the bank's payment for the hotel room in *Wiseman* served as a dispositive reason for the result. In *California Casualty Indem. Exch.* v. *Industrial Acc. Com.* (1936) 5 Cal.2d 185 [53 P.2d 758], we sustained

the granting of benefits in a case in which a salesman who had rented a cabin for the night died of asphyxiation from a gas heater. Without any discussion as to who paid the rental for the cabin we concluded, "Within this rule the traveler, when overtaken by night, may reasonably seek the protection of an inn and still be regarded as acting in the course of his employment." (Conrey, J., at p. 186.) The fact that Van Stelle, Inc., employed Mrs. Hartman on a straight commission basis, rather than upon salary or commission and expenses, cannot become a pivotal point in deciding whether when seeking food she acted in the course of her employment.

Respondents' argument that the trip to Corona in any event constituted a personal excursion undertaken "to satisfy the desires of a male companion to have a meal at a particular place" is equally without merit. Unless the court can hold as a matter of law that a deviation has occurred, the determination of whether an employee has embarked on an entirely personal errand, not related to service to the employer, lies with the commission. (*Lockheed Aircraft Corp.* v. *Industrial Acc. Com.* (1946) 28 Cal.2d 756, 758 [172 P.2d 1].) We cannot hold as a matter of law that the possible availability of a restaurant geographically more proximate than that which Mrs. Hartman and Kirkus sought serves to strip her of her status of commercial traveler. For one thing, the record does not disclose any such fact. But in any event that inquiry does not lie within the scope of our review.

Moreover, as we have stated, in view of this state's liberal policy of construction in favor of the employee, any reasonable doubt as to whether an act was contemplated by the employment must be resolved in favor of the employee. (*Reinert* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 349, 354 [294 P.2d 713]; *California Casualty Indem. Exch.* v. *Industrial Acc. Com.* (1943) 21 Cal.2d 751, 760 [135 P.2d 158].) With these principles in mind, the commission correctly observed that "The applicant's search for a restaurant on a holiday night, after being without food for almost twelve hours, was not such a departure, and was an errand contemplated by the employment."

Mrs. Hartman's reliance on Kirkus as a guide in the quest for food might have been misplaced, but such credence does not reduce to a personal activity that conduct which was otherwise incidental to her employment. As we have noted,

the record discloses neither the availability of a suitable meal in Riverside nor the imprudence of the trip to Corona under the holiday conditions.

The unquestioned facts demonstrate that Mrs. Hartman at the time of the accident was traveling at least partly in pursuance of her employment and suffered injury in an activity incidental to such traveling. As such, her activities fall under the commercial traveler rule; the commission properly granted compensation.

The award is affirmed.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and Peek, J., concurred.