[Civ. No. 29673. Second Dist., Div. One. Mar. 29, 1966.]

JAMES J. FLYNN et al., Plaintiffs and Appellants, v. THE RALPH M. PARSONS COMPANY, Defendant and Respondent.

Gardner, Morrison & McNally and Robert L. Gardner for Plaintiffs and Appellants.

Crider, Tilson & Ruppé, Robert E. McGurl and Abe Mutchnik for Defendant and Respondent.

WOOD, P. J.—This is an action for damages for personal injuries resulting from a collision of automobiles. In a nonjury trial, judgment was for the defendant. Plaintiffs appeal from the judgment.

Appellants contend that the evidence was insufficient to support the judgment.

Defendant Ralph M. Parsons Company, a corporation, is a large engineering company, with its home office in Los Angeles and several branch offices or divisions in other cities, including an electronics division in Pasadena. Defendant, Carl A. Budde, was employed, on an hourly basis at $2.60 an hour, as

an electronics technician in the Pasadena division where there were approximately 250 employees. It was the custom of the Parsons Company, each year from 1953 to 1961, to hold a Christmas party at a hotel in the Los Angeles area, and to extend invitations to all its employees, some of its clients, some law enforcement personnel in the area, and representatives of the state Department of Employment. The 1959 party was held at the Statler Hotel in Los Angeles. The invitation to the employees of the Pasadena division was extended by posting a typewritten invitation on the bulletin boards at the Pasadena division. The invitation which was addressed to "All Employees," recited in substance that the employees were cordially invited to attend another annual party for the employees of the company to be held on Thursday, December 24, 1959, at the Statler Hotel in Los Angeles,—that the party would be from 2:30 p.m. to 4 p.m., and that the employees should remain at work until 1 p.m.

The company provided buses for transporting the employees from the office building in Pasadena to the hotel, but they could go to the party by any other kind of transportation. The employee Carl Budde (a defendant named herein), whose assigned duties as an electronics technician did not involve any "off the premises" activities, left the company building in Pasadena on December 24, 1959, about 10 a.m., and did not return there on that day. After the Pasadena office had closed on that day, and while several employees were in front of the Pasadena office building—about 1:45 p.m.—waiting for the bus to arrive, the employee Budde came there. Three witnesses testified that at that time he was under the influence of intoxicating liquor. The bus was a few minutes late in arriving, and about 2 p.m. the employee, Budde, and another employee entered Budde's automobile, and Budde drove it away, intending to go to the Christmas party. Later, that automobile, which was traveling southerly on the Pasadena Freeway toward Los Angeles, was in a collision with another automobile (the one occupied by plaintiffs) which was traveling northerly on the freeway toward Pasadena,—the point of impact was in the easterly lane in which the plaintiffs were traveling. The record does not show whether Budde arrived at the party.

The plaintiffs sued Budde, the employee, and the Parsons Company, his employer, for damages for personal injuries, alleging that at the time of the accident Budde was the agent and employee of the Parsons Company and was acting within the course and scope of his employment.

Budde was not served with process and he did not appear in the action. Pursuant to stipulation, the issue as to alleged liability of the Parsons Company was tried first.

The court found that at the time and place of the accident Budde was not acting within the course and scope of his employment. Judgment was in favor of defendant Parsons Company.

Other findings were: That the invitation to attend the party was extended to all employees by invitation placed on the bulletin board. That attendance at the party was not expressly or impliedly requested or expected of Budde by the Parsons Company. That attendance at the party by Budde was not intended to directly or indirectly benefit the Parsons Company.

Appellants (plaintiffs) argue that the evidence was not sufficient to support the findings to the effect that: (1) Budde was not acting within the scope of his employment; (2) the attendance of Budde at the party was not expected by the Parsons Company; and (3) his attendance was not intended to benefit that company. With respect to this argument, appellants refer to testimony of the defendant company's manager to the effect that a purpose of the party was to enable the employees of the home office and the Pasadena office to become acquainted with one another, with the company's clients, and with invited guests from law enforcement and public employment departments. They also refer to evidence to the effect that invitations were extended to all the employees through bulletin board announcements, and that the defendant company provided buses and ''lapel name cards'' for the employees. Appellants assert that as a matter of law, in view of such purpose of and preparation for the party, the employee Budde, in proceeding to go to the party, was not acting exclusively for his own convenience and purposes but that he was also acting to effectuate the purposes and to serve the interests of the defendant company; that the company expected him to attend the party; that his presence at the party was intended to benefit the company; and that under such circumstances he was acting within the scope of his employment.

Mr. Devilbiss, the personnel manager of the defendant company since 1953, testified that the over-all purpose of the party was to create goodwill with the company's clients, with invited guests from law enforcement and public employment departments, and to enable the employees to get acquainted

with one another and with the clients; all employees were invited and "no one is forced to go" to the party; some employees are opposed to Christmas parties and they do not attend—they do not have to attend; the food and drinks at the party were free to guests and were served buffet style and there were no special seating arrangements at the tables; there were no speeches at the party; painted lapel name-cards were distributed to the employees as identification for admittance to the party, but an employee could throw the card away if he did not intend to go to the party; the employees, at the party, were not required to sign their names—indicating that they were present, and there was no method by which the company could ascertain who attended the party.

Mrs. Crisman, an employee of defendant company since 1953, and presently secretary for the chief engineer in the electronics division, testified that, during the time she was employed by the company, there never had been any instruction or directive by the company to the employees requiring attendance at a Christmas party; on December 24, 1959, between 1:30 p.m. and 2 p.m., the Pasadena office closed business for that day, and the employees were permitted to go about their own activities, at their discretion; and in her opinion, less than half of the employees went to the party.

Mr. Fleischer, the general foreman of the mechanical section of the defendant company, testified that there was no requirement of the company that the employees go to the party—it was a matter of the employees' "own free will," they could go home or go to the party; in his opinion, about half of the employees went to the party; an employee was not required to register at the party, and there was no penalty if he did not attend; and the party was a typical social event.

As above stated, the issue as to whether there was liability on the part of the defendant company was tried first. The plaintiff did not call a witness on that issue. Under the evidence herein the trial court could find that the matter of attending the party was optional with Budde—that he was not required to go; no check would be made to ascertain whether he went; no penalty would result if he did not go; transportation, food and drinks were free; customarily about one-half of the employees did not attend and those employees did not suffer any detriment in their positions by reason of such failure. The court could also find that the party was a social event whereby Budde and all the other employees were accorded the courtesy of participating in a Christmas party without any

financial or other kind of obligation on their part. It cannot be said that, as a matter of law, under the evidence herein, Budde was expected (i.e., required) by the company to attend the party, or the company intended to benefit by his attendance, or Budde was acting within the scope of his employment. The court could properly find, as a matter of fact, that Budde was not expected to attend the party; that the company did not intend to benefit by his attendance; and that Budde, at the time and place of the accident, was not acting within the scope of his employment.

In *Hathaway* v. *Siskiyou etc. School Dist.*, 66 Cal.App.2d 103, 111 [151 P.2d 861], it is said: "[W]here it is sought to charge a defendant on the ground that the driver of an offending vehicle was his agent or employee, proof must be made that the driver was the employee of defendant for some purpose, that the driver's use of the vehicle was a contemplated incident of his employment, and that the driver, at the time of the collision, was operating the vehicle in the transaction of the defendant's business. . . . Furthermore, the law indulges in no presumption that an agency exists, but instead presumes that a person is acting for himself and not as agent for another."

In *United Parcel Service of America, Inc.* v. *Industrial Acc. Com.*, 172 Cal.App.2d 73, 76 [342 P.2d 41], wherein the reviewing court annulled an award of the Industrial Accident Commission, it is said: "There is no evidence that the employer received any benefit from the applicant's attending the picnic other than that which would be incidental to the employee's being psychologically or physically benefited from recreation and such benefit, of course, would be incidental to any recreation that he undertook whether at the company picnic or at some other recreation devised by the employee himself. . . . There was no compulsion either direct or indirect upon the employee to attend the picnic; it was merely an invitation to attend which he could, without any penalty, refuse and if he accepted he accepted for his own pleasure and benefit and not for the benefit of the employer."

The evidence was sufficient to support the findings.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.