[Civ. No. 31279.   Second Dist., Div. Three.   July 24, 1967.]

DEPARTMENT OF WATER AND POWER OF THE CITY OF LOS ANGELES, Petitioner, v. WORKMEN'S COMPENSATION APPEALS BOARD and ROBERT ANTROBUS, Respondents.

Roger Arnebergh, City Attorney, Gilmore Tillman, Assistant City Attorney, and Ned Flusty, Deputy City Attorney, for Petitioner.

Everett A. Corten, Edward A. Sarkisian, Nathan Mudge, Jaffee, Mallery, Thompson, Talbott & Lemaster, George D. Thompson and Graham W. Talbert for Respondents.

McCOY, J. pro tem.*—The Department of Water and Power of the City of Los Angeles seeks review and annulment of an award of workmen's compensation benefits to an employee, a meter reader, who sustained injury when, while off work on a Saturday, he participated in an agility test given by the City of Los Angeles as a part of an open competitive test for a position with the department as a cable splicer helper.

There is no dispute as to the facts. Robert Antrobus, the applicant, entered the employment of the Department of Water and Power, a department of the City of Los Angeles, as a meter reader on May 1, 1965. His regular work was from Monday through Friday; he did not work on Saturdays unless expressly authorized. Prior to his employment he had applied for the position of cable splicer helper in the department and had passed the written examination for that position. The position of cable splicer helper is in a separate division of the department and the work is unrelated to the work of a meter reader. Examinations and tests for all positions in the department are given by the civil service commission of the city based on job descriptions supplied by the department. On May 29, 1965, a Saturday, applicant went on his own time and at his own expense to the Police Academy, the property of the city, where he participated in the test conducted by the city civil service commission and sustained injury in the course thereof. He testified that he took the test because the opportunity for advancement appeared greater for a cable splicer helper than for a meter reader. He was not advised or encouraged to take the test by anyone in the department.

The appeals board, noting that municipal and state agencies as well as business concerns encourage employees to seek advancement and give examinations to employees to qualify for better jobs, concluded that the injury was compensable because it was sustained in the course of an activity which was for the joint benefit of the employer and the employee. The department contends that the injury is not compensable because it did not arise out of or occur in the course of the

---

*Assigned by the Chairman of the Judicial Council.

applicant's employment as a meter reader. It argues that the work of meter reader did not expose the applicant to risks of the activity in which he sustained injury and that his position was therefore no different from that of any other individual applying for the position of cable splicer helper.

It is frequently stated that for an injury to occur in the course of employment the employee must be engaged in the work he has been hired to perform or some expectable personal act incidental thereto and the injury must occur within the period of his employment and at a place where he may reasonably be for that purpose. (See, e.g., *Robbins* v. *Yellow Cab Co.*, 85 Cal.App.2d 811, 813-814 [193 P.2d 956].) However, the mere fact that an injury is sustained outside regular working hours does not preclude an award if the activity is in furtherance of the employer's business. (*Gardner* v. *Industrial Acc. Com.*, 73 Cal.App.2d 361 [166 P.2d 362] [bartender, after working hours, injured while ejecting man]; *Scott* v. *Pacific Coast Borax Co.*, 140 Cal.App. 2d 173 [294 P.2d 1039] [gas station attendant returned to station after working hours for personal reasons injured while helping fellow employee fix gas pump]; *Bethlehem Steel Co.* v. *Industrial Acc. Com.*, 70 Cal.App.2d 382 [161 P.2d 59] [employee injured while calling for war savings bond at company window after working hours].) On the other hand, injury sustained outside of working hours is not compensable if the activity causing it is a strictly personal matter, whether on or off the employer's premises. (*State Dept. of Institutions* v. *Industrial Acc. Com.*, 46 Cal.App.2d 439, 442 [116 P.2d 79] [employee returning to premises to wait for co-employee]; *Robbins* v. *Yellow Cab Co.*, 85 Cal.App.2d 811 [193 P.2d 956] [employee on graveyard shift making voluntary trip to employer's office in the afternoon to collect paycheck of husband who was also an employee].)

The right to compensation for an industrial injury is not restricted to those cases where the injury occurs while the employee is actually presently manipulating the tools of his calling. (*Scott* v. *Pacific Coast Borax Co.*, 140 Cal.App.2d 173, 182 [294 P.2d 1039].) Even an ''injury sustained in an athletic contest is compensable as incidental to employment and within the course of employment only when it occurs on the employer's premises during a lunch or recreation period as a regular incident of employment or in cases where the employer has expressly or impliedly required participation or

attendance at the function or where the employer derives a substantial direct benefit from the employee's attendance at the function or his engagement in an athletic activity, beyond the intangible value of improvement in the employee's health or morals that is common to all kinds of recreation and social life, or where the activity is one contemplated by the contract of employment and the opportunity to engage in it is a part of the consideration to the employee for entering into the contract." (*United Parcel Service of America, Inc.* v. *Industrial Acc. Com.*, 172 Cal.App.2d 73, 75-76 [342 P.2d 41].)

In the instant case the employee was injured on premises controlled by the employer while he was engaged, not in recreational activity, but in an activity directed and controlled by the employer in the furtherance of the employer's business. It is a reasonable inference that the employer's interest was being furthered by the employee's attendance and participation in the activity. If there is any reasonable doubt as to whether such activity was contemplated by the employment or whether the injuries were sustained in the course of employment, such doubt should be resolved in favor of compensation coverage in view of the state's policy of liberal construction of the Workmen's Compensation Act in the employee's favor. (Lab. Code, § 3202; *Employers' etc. Corp.* v. *Industrial Acc. Com.*, 37 Cal.App.2d 567, 573-574 [99 P.2d 1089]; *Pacific Indem. Co.* v. *Industrial Acc. Com.*, 26 Cal.2d 509, 513-514 [159 P.2d 625]; *Scott* v. *Pacific Coast Borax Co.*, 140 Cal.App.2d 173, 182 [294 P.2d 1039].)

The department suggests that because the qualifying tests for cable splicer helper were given by the Civil Service Commission of the City of Los Angeles they were not controlled or directed by the department and because the tests were given at the Police Academy they were not held on the premises of the department. It appears from the evidence that the City of Los Angeles is the controlling entity of all the activities. In giving the tests the commission was acting for the department as a part of the controlling entity.

The department also suggests that the employer-employee relationship should be ignored because the test the applicant was taking was open to all qualified applicants as distinguished from a promotional examination open only to employees of the department. In making this suggestion, the department urges the court to ignore certain existing and operative facts. The findings and conclusions of the appeals board on

questions of fact are conclusive upon the court and are not subject to review when there is any evidence to support them. (Lab. Code, §§ 5952, 5953.) The question of whether an injury in the course of qualifying tests to a nonemployee is compensable is not presented by the facts before us. Under the facts of the present case we hold that the injury is compensable.

The award is affirmed.

Ford, P. J., and Cobey, J., concurred.