[Civ. No. 18198. Third Dist. May 17, 1979.]

STEPHEN C. OSBUN, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
TOM VETERAN et al., Respondents.

164

## COUNSEL

Peder W. Eriksson for Petitioner.

Deborah Ross, Richard Starkeson and Peter H. Weiner for Respondents.

## OPINION

**EVANS, J.**—By writ of review petitioner seeks to annul a decision of the Workers' Compensation Appeals Board denying compensation.

Early in September 1977, petitioner was introduced to Maxwell Harding,[1] and was advised that Harding, a drywall contractor, had contracted to install drywall in 26 condominiums located in Tahoma, California. Petitioner apparently agreed to employment as a drywall "hanger," and on Thursday, September 29, 1977, arrived at the construction site prepared for work. Petitioner understood he would be paid five cents per foot of installed drywall.

The general contractor on the condominium project was John T. Hintz Construction Company (hereinafter referred to as Hintz), and Al Martinez was Hintz's job superintendent. Prior to petitioner's employment as a drywall hanger, Hintz had subcontracted the drywall installation to Mr. Tom Veteran. Veteran in turn had hired Harding as an employee.

Upon arrival at the construction site, petitioner, accompanied by Harding, was directed by Martinez to begin hanging drywall in certain units. Generally, drywall installation consists of two procedures. First, a

---

[1] Harding was also known as Maxwell Lording.

process called "stocking" involves unloading sheetrock from trucks and placing it inside the buildings. The second is the installation of sheetrock by "hangers." "Stocking" the buildings is not usually done by the "hangers," as it is not economical to pay "hangers" a hanger's wage for doing the unskilled labor of stocking. On this job Hintz was responsible for stocking and on the particular day his general laborers were occupied elsewhere. Upon arrival, petitioner was asked to "bear with" Martinez for a few hours by both stocking the units and hanging the drywall. Petitioner and Harding did so reluctantly as the increased consumption of time spent stocking reduced the wages they could earn for hanging. Nevertheless, on this Thursday, petitioner and Harding did comply with Martinez's request and stocked as well as hung the drywall.

Returning to work the following day Martinez again asked petitioner and Harding to stock and hang sheetrock; they refused. Both men, for the most part, sat around Friday without working.

On Sunday, October 2, 1977, petitioner with two friends returned to the job site and although access to the front of the project was blocked by a gate, they were able to gain entrance from the rear of the construction site.

Petitioner's purpose at the job on Sunday was to stock the units with sheetrock. Petitioner testified that he was just "goof[ing] off" on Sunday and he and one friend thought that they could get some extra money from Hintz for stocking. While petitioner and his friend were in the process of stocking, petitioner fell in an open stairwell, incurring injuries.

After the accident petitioner called John Hintz and reported the injury, and demanded payment for the completed hanging and stocking; Hintz refused.

Petitioner thereafter filed an application for benefits with the Workers' Compensation Appeals Board (hereinafter the Board) against Hintz, Hintz's insurer Zenith National Insurance Company, the subcontractor, Tom Veteran, and the Director of Industrial Relations as Administrator for the Uninsured Employers Fund. Neither Veteran nor the Director of Industrial Relations appeared at the hearing. The director subsequently appeared by filing an answer to the petition for reconsideration in which it was stated that the director had not received notice of the hearing but waived any possible jurisdictional defect.

At the hearing testimony was received from John Hintz, petitioner, and Al Martinez;[2] the judge rendered his decision which found: (1) petitioner was not the employee of Hintz; and (2) his injury was not incurred within the course of employment. The judge did not decide whether petitioner was an employee of Tom Veteran.

Petitioner filed a petition for reconsideration, which did not contest the determination that he was not employed by Hintz; he alleged only that the judge's decision was erroneous in (1) not finding he was employed by Veteran, and (2) not finding he was acting within the course of his employment at the time of the accident. The petition for reconsideration was denied.

In these proceedings, petitioner again challenges the propriety of the Board's conclusion that he was not acting within the course of his employment at the time of his injury. He argues that as a matter of law he was an employee of Veteran and the finding he was not acting in the course of such employment is not supported by substantial evidence.

Our review of a decision of the Workers' Compensation Appeals Board is limited in scope. ■ We review factual findings only to determine whether they are supported by substantial evidence. (Lab. Code, § 5952; *LeVesque* v. *Workmen's Comp. App. Bd.* (1970) 1 Cal.3d 627, 637 [83 Cal.Rptr. 208, 463 P.2d 432].) Where the material facts are not in dispute, the question of whether an employee was injured within the course of employment becomes a question of law. (*Dimmig* v. *Workmen's Comp. Appeals Bd.* (1972) 6 Cal.3d 860, 864 [101 Cal.Rptr. 105, 495 P.2d 433]; *Rhodes* v. *Workers' Comp. Appeals Bd.* (1978) 84 Cal.App.3d 471, 475 [148 Cal.Rptr. 713]; *Rausch* v. *Workmen's Comp. App. Bd.* (1969) 274 Cal.App.2d 357, 358 [79 Cal.Rptr. 148].)

The determination of whether an employee is within the course of employment is controlled by certain established legal principles. ■ The mere fact that an employee is injured outside normal working hours will not necessarily preclude an award of benefits if the proximate cause of the injury was of industrial origin. (*McCarty* v. *Workmen's Comp. Appeals Bd.* (1974) 12 Cal.3d 677, 681 [117 Cal.Rptr. 65, 527 P.2d 617]; *Lizama* v. *Workmen's Comp. Appeals Bd.* (1974) 40 Cal.App.3d 363, 370 [115 Cal.Rptr. 267]; *Dept. of Water & Power* v.

---

[2]In the petition for a writ of review petitioner refers to testimony taken at a deposition of Martinez. This information was not before the Board, and as a result, we will not consider it on this review.

*Workmen's Comp. App. Bd.* (1967) 252 Cal.App.2d 744, 746 [60 Cal.Rptr. 829].) An injury is compensable where the employer derives a benefit from the employee's activity (*Leonard Van Steele, Inc.* v. *Industrial Acc. Com.* (1963) 59 Cal.2d 836, 840 [31 Cal.Rptr. 467, 382 P.2d 587]; *Dept. of Water & Power* v. *Workmen's Comp. App. Bd., supra,* 252 Cal.App.2d at pp. 746-747; *Scott* v. *Pacific Coast Borax Co.* (1956) 140 Cal.App.2d 173, 179 [294 P.2d 1039]), or where the activity is normally incident to employment even though the employer does not derive benefit (*McCarty* v. *Workmen's Comp. Appeals Bd., supra,* 12 Cal.3d at p. 682; *Reinert* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 349, 354-355 [294 P.2d 713]; *Winter* v. *Industrial Acc. Com.* (1954) 129 Cal.App.2d 174, 178 [276 P.2d 689]), or where the activity was contemplated in the contract of employment (*Reinert* v. *Industrial Acc. Com., supra,* 46 Cal.2d at p. 356; *United Parcel Service of America, Inc.* v. *Industrial Accident Commission* (1959) 172 Cal.App.2d 73, 75-76 [342 P.2d 41]; *Winter* v. *Industrial Acc. Com., supra,* 129 Cal.App.2d at p. 178). ■ Where, however, the activity is purely for the personal benefit of the employee the injury is not compensable. (*Lizama* v. *Workmen's Comp. Appeals Bd., supra,* 40 Cal.App.3d at pp. 366-368; *North American Rockwell Corp.* v. *Workmen's Comp. App. Bd.* (1970) 9 Cal.App.3d 154, 157-158 [87 Cal.Rptr. 774]; *Dept. of Water & Power* v. *Workmen's Comp. App. Bd., supra,* 252 Cal.App.2d at p. 746.)

The determination of whether an activity is "purely personal" is often difficult, due in large part to the inherent ambiguity in the meaning of the term "personal" when applied to activities on the fringe of employment. (*Lizama* v. *Workmen's Comp. Appeals Bd., supra,* 40 Cal.App.3d at p. 368; *North American Rockwell Corp.* v. *Workmen's Comp. App. Bd., supra,* 9 Cal.App.3d at p. 158.) Courts of this state have applied a "quantum theory of work-connection" in order to determine whether the activity engaged in at the time of injury was reasonably related to the activities of employment. (*Lizama* v. *Workmen's Comp. Appeals Bd., supra,* 40 Cal.App.3d at p. 370.) ■ That theory is appropriate in this instance, and compels our conclusion that petitioner was not within the course of employment when he sustained his injuries. That decision is predicated upon the following: the record discloses petitioner was injured on a Sunday when the construction site was closed and locked. It is undisputed that the injury occurred outside normal working hours. The record also establishes that stocking was the responsibility of Hintz, the general contractor, not his subcontractor. In this regard, we not only are bound by but agree with the Board's determination that Hintz was *not* petitioner's employer. We also fail to find support for a conclusion that petitioner's Sunday activity benefited *his* employer.

Moreover, petitioner testified that stocking is not a normal incident to the job of hanging drywall and that his duties *on this job* did not include stocking. Indeed, on the Friday preceding the injury, petitioner had refused to stock when requested to do so.

Reasonably construed, and as petitioner admits, his Sunday activity consisted of a unilateral undertaking in an attempt to get money from Hintz in addition to his salary for hanging. While these activities may satisfy the requirements of an entreprenuer, they do not fall within the course of petitioner's employment with Veteran.

In support of his position, petitioner vigorously argues that his activity was for the benefit of both Hintz *and* Veteran, his employer. We agree that the stocking did benefit Hintz; however, it did not create an employment relationship with Hintz. However, our analysis does not disclose any connection between the stocking for Hintz and the function of hanging, which was the responsibility of the subcontractor Veteran.

Petitioner poses a hypothetical situation involving a legal secretary's work on Sunday which is not factually apposite and requires no further comment.

The Board correctly determined that petitioner's activities were not within the course of his employment as a drywall hanger.

The writ of review previously issued is dissolved.

Paras, Acting P. J., and Schoenig, J.,* concurred.

On June 13, 1979, the opinion was modified to read as printed above.

---

*Assigned by the Chairperson of the Judicial Council.