May Dunseath, as Administratrix of the Estate of David A. Dunseath, Deceased, Appellant, *v.* Starrett Brothers & Eken, Inc., Respondent.

Argued April 16, 1942; decided June 4, 1942.

*Paul O'Dwyer* for appellant. In transporting the plaintiff's intestate at the time and place of the occurrence, Dennis was doing so with the defendant's knowledge and consent, at the defendant's request, for the defendant's benefit, in furtherance of the defendant's business and in execution of the defendant's contractual obligation to the plaintiff's intestate. (*Nalli* v. *Peters*, 241 N. Y. 177; *Cardot* v. *Barney*, 63 N. Y. 281.) Dennis was not an independent contractor. (*Milligan* v. *Wedge*, 12 A. & E. 737.)

*Clarence S. Zipp* and *J. Austin Lyons* for respondent. There is no evidence in this record reasonably permitting an inference that Dennis, who drove the car in which decedent was riding, was a servant or agent of defendant at the time of the accident. (*Moore* v. *Wills, Inc.*, 250 N. Y. 426; *Veitch* v. *Jenkins*, 107 Va. 68.) No distinction can be drawn between the status of Dennis and that of decedent. If they had been employees of defendant at the time of the accident, any negligence of Dennis would be that of a fellow servant, and recovery would necessarily be barred. (*Kinney* v. *N. Y. C. & H. R. R. R. Co.*, 217 N. Y. 325; *Pitoff* v. *Westinghouse, Church, Kerr & Co.*, 234 N. Y. 187; *Tomachio* v. *Carter & Weeks Stevedoring Co.*, 235 N. Y. 586; *Yaconi* v. *Brady & Gioe, Inc.*, 246 N. Y. 300; *Fay* v. *De Camp*, 257 N. Y. 407.)

DESMOND, J. In November, 1940, defendant, a corporation doing construction work at an army camp in Florida, needed workers and sought them through employment agencies in New York city. Through one of these agencies plaintiff's intestate heard of this employment opportunity and went to defendant's New York city office where he was offered a position at a weekly salary which would begin on his arrival at the Florida camp, his transportation expenses to and from Florida to be paid by defendant. On the day after this first interview, plaintiff's intestate notified defendant's

representative that he accepted the position, whereupon he was told by the representative that arrangements had been made whereby plaintiff's intestate and three others of defendant's newly engaged workers would be driven to Florida by one Dennis in the latter's automobile. Dennis, who had been employed by defendant at various times on other projects and had been engaged for the Florida project, also, was given thirty dollars for expense moneys and each of the others, including plaintiff's intestate, received ten dollars. Early in the morning of the second day's journey from New York to Florida, and while the car was being driven by Dennis in Virginia, there was a collision with another automobile. Plaintiff's intestate was killed. This suit was brought against defendant on the theory that the collision and death were caused by the negligence of Dennis, who, according to the theory of the complaint, was then acting " as agent, servant or employee of the defendant and was operating said motor vehicle with the knowledge, consent and approval of the defendant, and for the benefit and in the course of the defendant's business." The answer, besides denying negligence and alleging contributory negligence, denied that Dennis was defendant's agent, alleged that defendant had duly secured workmen's compensation for all its employees, and pleaded that plaintiff's intestate and Dennis were fellow servants and that plaintiff's intestate had assumed the risks of his employment. The answer set forth also certain statutes of Virginia, which limit damages in death cases to $10,000 and forbid any recovery in favor of a non-paying automobile guest, or his representative, against the owner or operator of the car, unless the injury to, or death of the guest, was caused by the " gross negligence " of the owner or operator. The evidence on the trial as to the accident was such as to justify a finding by the jury that the collision came about through the gross negligence of Dennis.

The trial justice instructed the jury that plaintiff could not recover at all against defendant if the transportation to Florida was the voluntary act of Dennis, but that if Dennis were found to be defendant's agent for that purpose, plaintiff might recover, provided there were findings of gross negligence and absence of contributory negligence. Further, said the court, there could be no recovery if Dennis and his passengers were employees of defend-

ant, unless the employment of Dennis was a special employment to transport the others to Florida.

The jury's verdict was for plaintiff in the maximum amount of $10,000. The Appellate Division unanimously reversed on the law and dismissed the complaint. We consider that on the evidence here, the jury was justified in finding that Dennis, in driving defendant's newly engaged workmen to their place of work, was acting as the agent of defendant in carrying out its agreement to provide transportation for the men. Dennis and the others were not fellow servants; indeed, defendant so concedes. Their jobs and their pay were to begin when they should reach Florida. For that reason, as both parties conceded on the argument before us, the Workmen's Compensation Law (Cons. Laws, ch. 67) cannot apply. We find nothing in the record to require, or to permit, a holding that Dennis was an independent contractor.

The judgment of the Appellate Division should be reversed, and that of the Trial Term affirmed, with costs in this court and in the Appellate Division. (See 288 N. Y. 734.)

LEHMAN, Ch. J. LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Judgment accordingly.