■    In the Matter of the Claim of REGINA KOHL, Respondent, against INTERNATIONAL HARVESTER COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from a decision and

award of the Workmen's Compensation Board. Appellant contends that the automobile accident which caused its employee's death did not arise out of and in the course of the employment. Decedent, an assistant service supervisor working out of the employer's Buffalo office, was sent to Jefferson, Ohio to assist in putting on a demonstration of the employer's products at a so-called field day. Decedent's travel and other expenses were reimbursable by the employer. On his third day in Jefferson he worked at the site of the field day until about 7:00 P.M. and then returned to the motel where he was staying to change clothes and wash up. With two coemployees and the employee of a distributor of "allied equipment" with whom he had been working that day, he shortly left the motel at Jefferson to go to Ashtabula, some 10 miles distant, for dinner at a particular restaurant there. The employer's district manager, who was decedent's superior, had dinner with other coemployees at the same restaurant that evening and testified that it was "a very nice place" and better than the eating places in the small community of Jefferson. Before reaching Ashtabula, the coemployee's automobile in which decedent was riding was involved in the accident which caused decedent's death. "An employee traveling at a distance from his home in the business of the employer is deemed within the area of employment if injured in his normal activities." (*Matter of Schreiber* v. *Revlon Prods.*, 5 A D 2d 207, 208.) If directed to remain in a particular locality, he "is not expected to wait immobile, but may indulge in any *reasonable* activity at that place, and if he does so the risk inherent in such activity is an incident of his employment." (*Matter of Davis* v. *Newsweek Mag.*, 305 N. Y. 20, 28; italics as in original.) As was also said in *Davis* (p. 26), "the risk of travel may be compensable even though it is travel to a place of rest or refreshment, so long as travel is part of the work routine." The board was not bound to find decedent's activities other than "reasonable" and "normal" when, after working until a late hour he left the motel and undertook a relatively short journey to obtain his evening meal and some incidental relaxation. Decision and award unanimously affirmed, with one bill of costs to respondents filing briefs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.