In the Matter of the Claim of EDWARD H. FLEER, as Executor of PAULA F. ALLEN and as Guardian of Her Minor Children, Respondent, *v.* GLENS FALLS INSURANCE COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department. April 13, 1962.

*Ainsworth, Sullivan, Tracy & Knauf* (*John E. Knauf* of counsel), for appellants.

*Judd Grey* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Daniel Polansky* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

REYNOLDS, J. Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board on the ground that there is no substantial evidence that the decedent died from injuries which arose out of and in the course of his employment.

Decedent was employed in the personnel and education department of the employer. His duties consisted of traveling to colleges in the northeastern United States to interview prospective employees for his employer. During such trips his expenses, including meals, hotel bills and entertainment expenses, were paid by the employer. On October 27, 1952 decedent left on a recruiting trip in an automobile supplied to him by his employer. His itinerary required him to stay two nights in Potsdam, New York, and one night in Plattsburgh, New York. On October 28 decedent interviewed at Clarkson College until 3:00 P.M. What he did between this time and sometime between 9:00 and 10:00 P.M. is not definitely known but his wife testified that decedent called her between 5:30 and 6:00 P.M. and stated he had an appointment to keep after dinner. Between 9:00 and 10:00 P.M. decedent stopped at " Harmon's ", a tavern located about three miles from Potsdam on Route 56. During his half-hour visit at this establishment he had two drinks of scotch and soda. Decedent next frequented the Knotty Pine Lodge, located about a mile from Potsdam on the Canton Road, arriving about 10:15

P.M. and staying for about 45 minutes. During this period he consumed a few additional mixed drinks. The record reveals that while at the Knotty Pine he attempted to intrude on a dinner party of 75 women on at least three occasions and created a general disturbance and that on leaving he was told by a waitress that she did not think he should be driving. After leaving the Knotty Pine and while proceeding in a direction that would have carried him to his hotel, decedent was unable to negotiate a turn on a dry highway on a clear night and struck a bridge sustaining injuries which resulted in his death within a few hours. There was no medical evidence of intoxication.

On the basis of this record the board was not compelled to find that decedent was intoxicated. Appellants do not contend that intoxication was the sole cause of the accident (Workmen's Compensation Law, § 21, subd. 4) rather, they urge that decedent deviated from his employment by engaging in purely personal activities and that the accident resulted from risks produced by these personal activities.

Where an employer sends an employee away from home it has been held that the test as to whether specific activities are considered to be within the scope of employment or purely personal activities is the reasonableness of such activities. Such an employee may satisfy physical needs including relaxation. (*Matter of Pasquel* v. *Coverly*, 4 N Y 2d 28; *Matter of Davis* v. *Newsweek Mag.*, 305 N. Y. 20; *Matter of Meredith* v. *United States Ind. Chem. Co.*, 14 A D 2d 955; *Matter of Kohl* v. *International Harvester Co.*, 9 A D 2d 597; *Matter of Schrieber* v. *Revlon Prods.*, 5 A D 2d 207.) If the activity is found to be reasonable " the risk inherent in such activity is an incident of his employment." (*Matter of Davis* v. *Newsweek Mag.*, *supra*, p. 28.) The determination by the board as to whether given activities are reasonable is one of fact and thus our review is limited by section 23 of the Workmen's Compensation Law and the cases construing this section. It is only where the record reveals no substantial evidence on which the board could find the employee's activities are reasonable that the board's determination can be disturbed (*Matter of Pasquel* v. *Coverly*, *supra*).

Considering the relatively early hour at which the accident took place, the questionable evidence of intoxication and that at the time of his demise decedent was headed in a direction that would have carried him to his hotel, coupled with the presumptions afforded decedent, especially since the instant accident was unwitnessed (Workmen's Compensation Law, § 21; *Matter of O'Connor* v. *Johnson & Johnson*, 12 A D 2d 846, motion for

leave to appeal denied 9 N Y 2d 611) we are unable to find the board's determination in error as a matter of law.

Decision and award should be affirmed, with costs to the Workmen's Compensation Board.

BERGAN, P. J., COON, HERLIHY and TAYLOR, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board.