JOYCE PAHMER et al., Appellants, *v.* HERTZ CORPORATION et al., Respondents.

Second Department, April 12, 1971.

*Myron S. Rosen* for appellants.

*Curtiss, Hart & Munro* (*Kevin J. Powers* of counsel), for Hertz Corporation, respondent.

*O'Hagan & Reilly* (*Henry J. O'Hagan* of counsel), for William P. Cullen, respondent.

Hopkins, Acting P. J. This appeal submits two questions at the pleading stage of a personal injury action: (1) whether an accident occurring in California, wherein the plaintiff wife was injured while riding as a gratuitous passenger in an automobile registered in California and leased from the defendant Hertz Corporation by the defendant Cullen, who was the operator of the automobile, is subject to New York law or California law; and (2) whether workmen's compensation granted under New York law is the sole remedy of the plaintiffs. The Special Term refused to strike the defense of the California guest statute or the defense of workmen's compensation. We think that the defense of the California statute should have been stricken, but that it was correct to deny dismissal of the defense of workmen's compensation.

In 1966 the plaintiff wife and the defendant Cullen, both residents of New York, were employed by Airborne Instrument Laboratory, Inc. at Deer Park, New York. Upon assignment by their employer, they and other coemployees were sent to Sacramento, California, for duty relating to a contract with the United States Government. It was contemplated that their stay in California would last for approximately two months, during which time all these employees would be allowed periodic trips to their homes.

One of these homeward trips was to have taken place on the weekend beginning on Friday, July 29, 1966.

Due to an airline strike, reservations could not be made for the trip. On Saturday, July 30, 1966, Cullen and the plaintiff wife decided to shop in San Francisco for gifts for their families. Cullen drove an automobile which he had leased from Hertz some time before. He had complained to Hertz that the brakes on the automobile were not functioning properly. While they were riding on U. S. Route 80, the automobile left the highway and became involved in a multi-car collision, from which the plaintiff wife sustained her injuries.

The complaint alleges negligence of Cullen in the operation of the automobile and negligence of Hertz in leasing a dangerous automobile. It also alleges that Hertz breached express and implied warranties of fitness for use in the leasing of the automobile. The answers of the defendants each raised the defense of the California guest statute[1] and the exclusive remedy in New York under the Workmen's Compensation Law.

The plaintiffs' motion to dismiss these defenses was denied by the Special Term. The plaintiffs then moved for reargument. The Special Term considered the motion as one for leave to renew on additional facts and granted leave to renew, but on reconsideration adhered to its previous determination denying the motion. In the opinion of the Special Term, the California statute was applicable, because the accident occurred in California while the plaintiff wife was riding in an automobile registered in California, and the defense of workmen's compensation as an exclusive remedy should stand pending a full development at the trial of the facts concerning whether the accident occurred in the course of the employment of Cullen and the plaintiff wife.

## I
### THE CALIFORNIA GUEST STATUTE AS A DEFENSE.

New York is committed to the dominant interest test in determining the choice of law to be applied to facts constituting a

---

1. Section 17158 of the California Vehicle Code, commonly known as the guest statute, reads as follows:

"Liability to 'guest'. No person riding in or occupying a vehicle owned by him and driven by another person with his permission and no person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of the vehicle or against any other person legally liable for the conduct of the driver on account of personal injury to or the death of the owner or guest during the ride, unless the plaintiff in any such action establishes that the injury or death proximately resulted from the intoxication or willful misconduct of the driver."

conflicts situation. "The rule which has evolved clearly in our most recent decisions is that the law of the jurisdiction having the greatest interest in the litigation will be applied and that the facts or contacts which obtained significance in defining State interests are those which relate to the purpose of the particular law in conflict" (*Miller* v. *Miller,* 22 N Y 2d 12, 15–16). Thus, in place of the mechanical rule of *lex loci delicti* or the arithmetical rule of counting contacts (cf. *Tooker* v. *Lopez,* 24 N Y 2d 569, 576, 579), the Court of Appeals has adopted an analytical process of evaluating the facts and interests involved in the litigation. The objective of the search rests in arriving at a just and reasonable selection of the law in its relation to the total circumstances of the case (*Tooker* v. *Lopez, supra,* p. 579). We look not for absolutes, but for relative justice in the setting of the parties.

New York has a direct and significant connection to all of the parties in the present action. The plaintiffs and the defendant Cullen are domiciliaries; the accident occurred while the plaintiff wife and Cullen were temporarily stationed in California at the direction of their New York employer. The casualty happened because the two of them were traveling to San Francisco on a shopping errand whose purpose primarily concerned their families in New York. Hertz, the second defendant, is a nationally known corporation engaged in the business of leasing automobiles throughout the United States and has its principal office in New York City. Hertz is insured under a master policy issued by Royal Globe Insurance Company, maintaining its principal office in New York City.

New York's public policy is opposed to the exoneration of liability which California's guest statute extends to the non-compensated operator of an automobile (*Babcock* v. *Jackson,* 12 N Y 2d 473; *Macey* v. *Rozbicki,* 18 N Y 2d 289; *Tooker* v. *Lopez, supra*). The factual pattern in this case resembles that considered in *Tooker*. There, Catharina Tooker, a student at a Michigan university, was fatally injured in an accident while a passenger in an automobile driven by Marcia Lopez, also a Michigan student, and owned by Marcia's father. Catharina and the two Lopezes lived in New York. Catharina, Marcia and a second passenger, Susan Silk, were on their way to Detroit to enjoy a weekend when the accident happened. The Court of Appeals applied New York law to the action, which was brought by the father of Catharina against the father of Marcia, rejecting the defense of the Michigan guest statute.

The salient distinction between *Tooker* and the present suit is in respect of the ownership and registration of the automobiles

in which the accidents occurred.[2]   In *Tooker* the automobile was owned by a New York resident and registered in New York; here, the automobile was owned by Hertz and was based and registered in California.[3]   Should that fact change the choice in this case?

We think not.   We reach that conclusion after an analysis of the facts and the interests of the two States.   First, we cannot see how Cullen's position is affected by the registration of the car.   As a New York resident, he was subject to its laws, whether driving his own car or one which he rented.   The California guest statute could not conceivably alter the manner in which he operated the automobile; it is not a regulation of driving practices, but a limitation of liability based on status.   Second, we do not understand that Hertz' position is essentially changed by the registration of its car.   We are not told that Hertz' insurance premium or its renting fees are measured by the limitation of liability in the California statute.   We know, on the other hand, that rented vehicles, though based in one State, frequently find their way into Mexico, Canada and other States of the Nation after leasing.   In some instances cars rented in one State are returned by the lessee to the lessor's offices in another State.   No restriction appears in this case to have been imposed by Hertz on travel outside California.   Moreover, Hertz is a New York based corporation, insured by a master policy of a New York insurer, presumably representing the business interests of Hertz.

Nor are we persuaded that California has a superior interest in enforcing its statute.   Guest statutes, in the view of New York, are directed primarily to prevent fraudulent claims against insurers of cars (*Tooker* v. *Lopez, supra,* pp. 574–575).[4]   While certainly California has an overriding interest in framing a statute to accomplish that purpose for Californian residents, in the context of this case we fail to perceive how it has a dominant interest to affect the rights of an injured New York resident.   The plight of the plaintiffs arising out of the injury falls exclusively on New York, to which the plaintiff wife returned.   There is no showing here that the insurance rates in California will be increased by a recovery under New York law in this case

2. *Dym* v. *Gordon* (16 N Y 2d 120) is not considered as bearing on the question before us, since in our opinion it was overruled by *Tooker* v. *Lopez* (24 N Y 2d 569, 574–575, 590–591, *supra*).

3. It is notable that in Chief Judge FULD's concurring opinion in *Tooker* v. *Lopez* (*supra,* p. 585) he gave weight to the registration of the car in formulating sound principles to apply to guest statutes.

4. A Wisconsin court found an additional reason for the exemption from liability — that as a good Samaritan, the host should not be liable for negligence in the performance of a good deed (*Zelinger* v. *State Sand & Gravel Co.,* 38 Wisc. 2d 98).

or similar cases. Moreover, we are not informed of any reason leading to the deduction that California would favor either the New York defendant or the nationally distributed organization of Hertz.

We do note that the plaintiff wife's injuries were sustained in a multi-car accident and that it may well be that Californian residents and automobiles figured in the same accident. The extent, if any, to which Californian claimants are making demands on Cullen and Hertz in California does not appear in this litigation. In any event, *Tooker* v. *Lopez* (*supra*, p. 575) has eliminated the inquiry into any interest of California in enacting a guest statute to insure that the assets of the driver and owner will be used first to discharge the recovery of a non-guest party before an injured guest can share in those assets. Even if this factor were important, we do not think that it would sway the balance, since Hertz makes no assertions of insolvency and Californian plaintiffs would presumably not suffer because of a recovery in this action by New York plaintiffs.

Professor Leflar has perceptively outlined five canons to assist the analysis in choice of law cases (Leflar, Choice-Influencing Considerations in Conflicts Law, 41 N. Y. U. L. Rev. 267, 282): (a) predictability of results; (b) maintenance of interstate and international order; (c) simplification of the judicial task; (d) advancement of the forum's governmental interests; and (e) application of the better rule of law.[5]

There is little, if indeed any, influence instilled in the process of making a choice of law in this appeal by the first canon of predictability. The accident here was not contemplated and the parties could not have planned their conduct in reliance on, or in disregard of, the guest statute. Nor is the canon of maintenance of interstate order of any appreciable influence. Interstate automobile travel has shown no signs of diminution whether the State of entrance or exit has or does not have a guest statute. California has not considered itself aggrieved because its guest statute is not enforced by the forum in out-of-State litigation. Equally, we do not conceive that the canon of simplification of the judicial trial need greatly detain us. New York courts could apply the California statute without measurable difficulty and are, of course, applying every day the New York standard of liability.

5. The canons have been employed to advantage by courts in conflict cases (*Clark* v. *Clark*, 107 N. H. 351; *Woodward* v. *Stewart*, 243 A. 2d 917 [R. I.], cert. dsmd. 393 U. S. 957; *Heath* v. *Zellmer*, 35 Wis. 2d 578; *Zelinger* v. *State Sand & Gravel Co.*, 38 Wis. 2d 98, *supra*; *Brown* v. *Church of Holy Name of Jesus*, 252 A. 2d 176 [R. I.]). Professor Leflar's article was approvingly cited in *Miller* v. *Miller* (22 N Y 2d 12, 19, *supra*).

The last two canons have more pertinence. The advancement of the forum's interest in its public policy of liability for fault placed on both driver and owner is particularly in point here. That public policy, which has been held to apply to out-of-State accidents (Vehicle and Traffic Law, § 388; *Farber* v. *Smolack*, 20 N Y 2d 198), would be effectively thwarted by the enforcement of the California statute. The aim of that public policy has been underpinned by the requirement of compulsory insurance as a condition to the registration of a motor vehicle in New York (Vehicle and Traffic Law, § 312). New York has thus emphasized its concern that New York residents be protected from the financial burden resulting from uncompensated injuries, the expense of which New York might ultimately have to shoulder. On the other hand, we see no advantage to New York or its residents in enforcing the California guest statute.

The fifth canon of the better rule of law necessarily invokes a subjective answer. The forum cannot easily lay aside the arguments of its own public policy, despite the pleas of some commentators that it act objectively (cf. B. Currie, The Disinterested Third State, 28 Law and Contemporary Problems, 754, 761–762). In the eyes of the beholder, the bias falls on the side of the familiar. But we need not stand on the ground of a supposedly unassailable public policy. The truth is that the authorities in the conflict field consider the guest statute as a retrograde approach (e.g., articles and cases cited in n. 49, Leflar, Choice-Influencing Considerations in Conflicts Law, 41 N. Y. U. L. Rev. [*supra*], 267, 278; and see Judge BURKE's remarks in his concurring opinion in *Tooker* v. *Lopez* [24 N Y 2d 569, 591–592, *supra*]). Hence, we do not merely accentuate our own public policy by finding it the better rule of law; we reflect only what the dispassionate observer has already concluded.

In coming to the result that we should not enforce the guest statute, we do not mean to imply that this is a precedent in every case of an injured New York resident suing for damages arising from an out-of-State accident involving an out-of-State vehicle. In this case, we assign special force to the fact that the out-of-State vehicle was rented by a New York resident. The rental of automobiles has assumed a large and growing place in the economic and social life of our Nation; like the widespread mobility of traffic today, the rental business tends to break down the artificial barriers of State lines, by actively encouraging the greater use of rental automobiles, no matter what may be the purpose or the destination of the lessee. These conditions require a simultaneous recognition that New York, which may

expect to be the forum for its own injured residents' suits, should impose New York law in judging the rights and liabilities of the renting company. By the same token, we put no hardship on a New York driver who rents the vehicle if New York law is declared to govern the rights of parties to the action.

It is held, therefore, that the defense of the California guest statute should have been stricken.

## II
### THE NEW YORK REMEDY OF WORKMEN'S COMPENSATION.

If the injury to the plaintiff wife was incurred "in the course of the employment" (Workmen's Compensation Law, § 10), the remedy of workmen's compensation is exclusive (Workmen's Compensation Law, § 11). That issue, by judicial construction, is determinable by New York law (*Tuffarella* v. *Erie R. R. Co.*, 17 A D 2d 484, affd. 13 N Y 2d 1045). Though the statute's territorial scope is not defined, the courts of New York will apply the statute to activities outside New York that are included within the general terms of the statute (*Matter of Nashko* v. *Sandard Water Proofing Co.*, 4 N Y 2d 199, 200). In deciding the issue, the facts are weighed and will control, rather than abstract principles (*Matter of Cameron* v. *Ellis Constr. Co.*, 252 N. Y. 394, 397–398).

The Special Term held that the facts in this case must be weighed after a trial and we concur in that conclusion. There are many ambiguous circumstances in the relationship of the plaintiff wife and Cullen vis-à-vis Airborne, their employer, and in the relationship vis-à-vis the two employees themselves. Though it is said that Cullen was reimbursed by Airborne for his expenses in renting the car, we are not told whether Airborne had authorized the car's use for purely personal reasons or whether Cullen had been authorized to invite the plaintiff wife to travel with him on a personal errand. We are not told the nature of Airborne's instructions to the two employees relating to their activities in California. We do not know whether Airborne knew or approved the use of the automobile by the employees for a pleasure trip in place of the visit to their homes in New York.

In the law of workmen's compensation, attention is paid to the character of the acts through which the injury arose (cf. *Matter of Kaplan* v. *Zodiac Watch Co.*, 20 N Y 2d 537) and to whether the out-of-State acts grew out of concurrent business and pleasure purposes (cf. *Matter of Tally* v. *Newberry Co.*, 30 A D 2d 898, affd. 25 N Y 2d 945). At the same time, a distinction has been drawn between cases in which a claimant seeks the benefits

of workmen's compensation and cases in which a third party attempts to fasten derivative liability on the employer on account of the conduct of the employee (cf. *Lundberg* v. *State of New York,* 25 N Y 2d 467). That is to say, the statutory definition of "course of employment" embraces a greater range of activity than does the common-law rule of "scope of employment" under which an employer's responsibility is derived for the acts of his employee (*Lundberg, supra,* p. 473 [dissenting opn.]).

Somewhere between these two standards lies the response to this question before us — whether the exclusive remedy of the statute on the facts of the case bars a common-law action against the owner and operator of a rented automobile. That response depends not only on the acts of the plaintiff wife, but also on the acts of Cullen and their joint acts; and obviously inherent in the question is whether both were engaged in their employment at the time of the injury (cf. *Dunseath* v. *Starrett Bros. & Eken,* 288 N. Y. 174; *Rauch* v. *Jones,* 4 A D 2d 572, affd. 4 N Y 2d 592).

We have referred to some of the facts which bear on the resolution of this question; there are others to which precedent has spoken (cf. *Tuffarella* v. *Erie R. R. Co.,* 17 A D 2d 484, affd. 13 N Y 2d 1045, *supra*). Of course, the question vanishes so far as Hertz is concerned, if a verdict based on its own independent liability for negligence or breach of warranty in leasing a dangerous and defective automobile should be returned against it.

The order appealed from should be modified by striking the defense of the California guest statute from the answers and otherwise affirmed insofar as appealed from, without costs.

MUNDER, J. (dissenting in part). The issue dividing this court is whether the California guest statute should apply in this action brought by a New York resident. We agree with the majority that the denial of the motion to strike the defense of workmen's compensation was proper. The California statute (California Vehicle Code, § 17158) provides in substance that a guest, injured while riding or occupying a vehicle, cannot recover civil damages against the driver, or person legally responsible for the conduct of the driver, unless he establishes that the injury proximately resulted from the intoxication or willful misconduct of the driver.

It would appear that the purpose of that statute is the prevention of fraudulent claims against local (California) insurers or the protection of local (California) automobile owners. That purpose is furthered by increasing the guest's burden of proof vis-à-vis third-party nonguests (see *Tooker* v. *Lopez,* 24 N Y 2d 569, 574–575). With this purpose and the issue as stated above in mind, we must examine the facts here to determine

whether California had a legitimate interest in this litigation. These facts show that the accident occurred in California, that the vehicle in which the plaintiff wife was riding was rented in California from a Delaware corporation doing business in California, that the vehicle was registered *and* insured in California and that a number of third-party nonguest residents of California were injured or suffered damage in the accident. Upon these we find, as Special Term did, that the California guest statute should apply.

The order should be affirmed insofar as appealed from.

LATHAM and SHAPIRO, JJ., concur with HOPKINS, Acting P. J.; MUNDER, J., dissents in part, in an opinion, in which CHRIST, J., concurs.

Order modified by adding thereto, immediately after the decretal provision that " the Court adheres to its determination of December 3, 1969 ", the following: " only as to the defenses of workmen's compensation and grants the motion as to the defenses of the California guest statute ". As so modified, order affirmed insofar as appealed from, without costs.