Chief Judge Fuld.
In 1966, Mrs. Joyce Pahmer and Mr. William Cullen, both residents of this State, were employed by Airborne Instrument Laboratory of Deer Park, on Long Island. In June or early July of that year, Airborne sent them, along with other employees, to Sacramento, California, in furtherance of its business which involved a contract with the United States Government. It was expected that their stay in California would be for about two months, during which time they would be allowed periodic trips back to New York to be with their families. One of those trips was scheduled for the weekend beginning Friday, July 29,1966.
*121 However, an airline strike interfered with their plans and they were compelled to remain in California. Consequently, they decided, on Saturday, July 30, to go shopping in San Francisco to purchase gifts for their respective families. They started out, around noon, from Sacramento in an automobile which Cullen had rented from Hertz some weeks before. While proceeding towards San Francisco, the auto left the highway and became involved in a multicar accident. Mrs. Pahmer was, according to her complaint, seriously injured.
The complaint alleges negligence on the part of Cullen in the operation of the automobile and on the part of Hertz in leasing and renting a defective and dangerous automobile. It also, recites that Hertz breached express and implied warranties of “merchantability, marketability and fitness for the use and purpose intended. ” Each defendant filed an answer raising three affirmative defenses: (1) the one-year Statute of Limitations of California; (2) the California guest statute; and (3) the New York Workmen’s Compensation Law.
The plaintiffs thereupon moved, pursuant to CPLR 3211 (subd. [b] ), to dismiss all three defenses. The court at Special Term granted the motion only to the extent of striking the Statute of Limitations defense from each answer; it upheld the other two affirmative defenses. It was its view (1) that the California guest statute was applicable on the ground that the accident occurred in California while the plaintiff Mrs. Pahmer was riding in an automobile registered in that State and (2) that the defense of Workmen’s Compensation as an exclusive remedy should stand pending exploration at the trial of the facts bearing on whether the accident occurred in the course of the employment of Mrs. Pahmer and Mr. Cullen.
On appeal, the Appellate Division modified the resulting order by striking the defense of the California guest statute from the answers (36 A D 2d 252), and the sole issue on the appeal to our court—here by leave of the Appellate Division on a certified question—is whether the defendants may rely on that guest statute as a defense.[1]
*122 Although the appeal was extensively briefed and argued in our court on choice-of-law principles the high court of California recently declared the State’s guest statute unconstitutional. (See Brown v. Merlo, 506 P. 2d 212.) “In summary,” wrote the California Supreme Court, “we have concluded that the classifications which the guest statute creates between those denied and those permitted recovery for negligently inflicted injuries do not bear a substantial and rational relation to the statute’s purposes of protecting the hospitality of the host-driver and of preventing collusive lawsuits. We therefore hold that, as applied to a negligently injured guest,- the guest statue violates the equal protection guarantees of the California and United States Constitutions. * * * In our view, the widespread antipathy to such [guest] statutes is in large part a reflection of the irrationality and unfairness of these legislative schemes, which strip the single class of automobile guests of any protection from negligently inflicted injuries. * * * [S]uch irrational discrimination cannot be squared with the applicable constitutional standards ” (506 P. 2d, at pp. 231-232).
Since, then, the California guest statute has been stricken as unconstitutional, it follows that it may not be relied upon in the case before us and that neither defendant may assert it as a defense to the complaint in this action. The order appealed from should, therefore, be affirmed on that ground.
Judges Burke, Bkeitel, Jasen, Gabrielli, Jones and Wachtler concur.
Order affirmed, without costs. Question certified answered in the affirmative.

. The California guest statute (Cal. Vehicle Code, § 17158) reads as follows: “ No person riding in or occupying a vehicle owned by him and driven by another person with his permission and no person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such *122 ride, nor any other person, has any right of action for civil damages against the driver of the vehicle or against any other person legally liable for the' conduct of the driver on account of personal injury to or the death of the owner or guest during the ride, unless the plaintiff in any such action establishes that the injury or death proximately resulted from the intoxication or willful misconduct of the driver. ”