Leon D. Lazer, J.
In this action to recover for injuries sustained in an Ohio automobile accident, the defendants, Edward Radgowski ("Radgowski”) and the Hertz Corp. ("Hertz”), have pleaded the Ohio Guest Statute as a limitation on their liability and the Workmen’s Compensation Law as an affirmative defense. The plaintiffs move to dismiss both defenses.
Plaintiff Frank Gyory ("Gyory”) and Radgowski, New York domiciliaries, were sent to Dayton, Ohio for business reasons by their common employer. Although Gyory’s trip was scheduled to be of one day’s duration, he elected to extend his stay for an additional day when he found his mission incomplete at the end of the first day. That evening he was injured when the car in which Radgowski was driving him to dinner ran off the road. The automobile, registered in Ohio, had been reserved by the employer, and was rented by Radgowski from Hertz, a foreign corporation licensed to do business in New York. Gyory thereafter reported the accident to the employer which submitted a claim on his behalf to its insurance carrier. The workmen’s compensation claim was not contested by the carrier which issued a series of compensation checks to Gyory who returned them uncashed.
The Ohio guest statute (Ohio Rev Code Ann, § 4515.02) precludes recovery by a gratuitous automobile passenger in the absence of a showing of "wilful or wanton misconduct” on the part of the operator or owner. No such limitation on a host driver or owner’s liability exists in this State, of course.
In Pahmer v Hertz Corp (36 AD2d 252, affd 32 NY2d 119) a case so similar to the one sub judice that the essential facts may be described as on "all fours” with it, the Appellate *555 Division, Second Department, dismissed the foreign guest statute defense on interest analysis grounds, holding that under the circumstances described the public policy of this State is opposed to the exoneration of liability extended by foreign guest statutes. The Second Department’s order in Pahmer was in turn appealed but during pendency of the appeal the Court of Appeals decided Neumeier v Kuehner (31 NY2d 121) and enunciated certain choice of law principles applicable to guest statute cases. (For an excellent analysis of the effect of Neumeier see Symposium, 1 Hofstra L Rev 93 et seq.). Thereafter Pahmer was affirmed by the Court of Appeals but solely on the ground that the choice-of-law issues had become academic, the relevant guest statute having been declared unconstitutional by the California Supreme Court. Whether the holding now survives application of the Neumeier rules is the instant issue.
The first of the three Neumeier rules is stated by Judge Fuld as follows: "1. When the guest-passenger and the host-driver are domiciled in the same state and the car is there registered, the law of that state should control and determine the standard of care which the host owes to his guest” (31 NY2d 121,128, supra).
In the instant case, as in Pahmer, the car rented from Hertz was registered in the foreign State. Nothing contained in Neumeier or in any current fact submitted to this court in any manner vitiates Mr. Justice Hopkin’s analysis of the lack of significance of the foreign automobile registration: "First, we cannot see how Cullen’s position [the New York domiciled driver] is affected by the registration of the car. As a New York resident, he was subject to its laws, whether driving his own car or one which he rented. The California guest statute could not conceivably alter the manner in which he operated the automobile; it is not a regulation of driving practices, but a limitation of liability based on status. Second, we do not understand that Hertz’s position is essentially changed by the registration of its car. We are not told that Hertz’s insurance premium or its renting fees are measured by the limitation of liability in the California statute. We know, on the other hand, that rented vehicles, though based in one State, frequently find their way into Mexico, Canada and other States of the Nation after leasing. In some instances cars rented in one State are returned by the lessee to the lessor’s offices in another State. No restriction appears in this case to have been *556 imposed by Hertz on travel outside California. Moreover, Hertz is a New York based corporation, insured by a master policy of a New York insurer, presumably representing the business interests of Hertz.” (Pahmer v Hertz Corp, 36 AD2d 252, 256, supra.)
On the authority of Pahmer, therefore, the defense of the Ohio Guest Statute here interposed must be dismissed.
If Gyory’s injury was incurred "in the course of the employment,” the workmen’s compensation remedy is exclusive and the affirmative defense must be permitted to stand (Workmen’s Compensation Law, §§ 10, 11). The compensation act will be applied to activities outside the State if they fall within the statutory ambit (Matter of Nashko v Standard Water Proofing Co., 4 NY2d 199). Where business trips are concerned, a slight and momentary deviation from the work routine will be distinguished from purely personal activity (Davis v Newsweek Mag, 305 NY 20). While injuries received after a long evening’s "socializing” on a business trip have been deemed to have been incurred in the course of employment (Geller v Sherman, 48 Misc 2d 1049, affd 28 AD2d 959, affd 21 NY2d 976; but see Fleer v Glens Falls Ins Co, 16 AD2d 186), an injury sustained by an employee en route to a restaurant for a meal is an incident of employment (Matter of Kohl v International Harvester Co., 9 AD2d 597). The risk of travel to a place of rest or refreshment may be compensable so long as the travel is part of the work routine (Davis v Newsweek Mag, supra) since an employee on a business trip is entitled to satisfy physical needs including relaxation (Fleer v Glens Falls Ins Co, supra). The mere circumstance that business is combined with some pleasure will not defeat a claim for workmen’s compensation unless the accident resulted from risks produced by the personal activity (Pasquel v Coverly, 4 NY2d 28).
Plaintiffs construe the holding in Davis v Newsweek Mag (supra) to mean that an injury falls within the scope of the Workmen’s Compensation Law under circumstances such as the current ones only if the employee was directed by his employer to remain at a particular locality until directed otherwise. Here Gyory’s orders were to remain in Dayton solely for one day. In Davis, the court found that the plaintiff’s travel was predominantly in furtherance of a personally motivated vacation trip, while in the instant case the trip was motivated solely by business reasons as indeed was the prolon *557 gation. The rule, as expressed in Tally v J.J. Newberry Co. (30 AD2d 898, afld 25 NY2d 945) is merely that there must be some action, sponsorship, or approval on the part of the. employer to connect the trip to employment. Although the employer’s submission of a compensation claim for Gyory would appear to indicate its approval of his decision to extend his stay in Dayton in order to complete his mission, questions of fact exist with respect to the employer’s authorization and approval which preclude dismissal of the defense (see Pahmer v Hertz Corp, supra).