413 So.2d 797 (1982)
JEAN BARNES COLLECTIONS and American States Insurance Company, Appellants,
v.
Jayne Rhodes ELSTON, Appellee.
No. AD-401.
District Court of Appeal of Florida, First District.
April 15, 1982.
Rehearing Denied May 25, 1982.
Bernard J. Zimmerman of Akerman, Senterfitt & Eidson, Orlando, for appellants.
John Marshall Kest of Wooton, Honeywell, Kest & Martinez, Orlando, for appellee.
ERVIN, Judge.
In affirming the deputy commissioner's order that claimant suffered an injury as a result of an attack and rape, we find that the injury was one arising out of and in the course of her employment because it was a compensable injury under the "traveling employee's rule."
The deputy commissioner specifically found that the claimant had been hired by the appellant/employer and that she had been requested by the employer to travel with her in a company car from Tampa to Fort Lauderdale for the purpose of obtaining further training. En route, the employer purchased both meals and hotel lodging in Orlando for the claimant. While in her hotel room, sometime after 9 p.m. on a Sunday evening, claimant was attacked and raped. Because there is competent and substantial evidence to support these findings, we affirm the deputy commissioner's determination. Redding v. Cobia Boat Co., 389 So.2d 1003, 1004 (Fla. 1980).
*798 The appellants argue that the claimant's injury was not one "arising out of and in the course of employment", as required by Section 440.02(6), Florida Statutes (1977). Although the appellants suggest that the claimant's injury did not causally arise out of her employment  a contention that we reject  the primary thrust of their argument rests on the position that the accident was not one occurring within the time, space, and circumstances of her employment. In essence, appellants argue that the injury did not occur within the course of claimant's employment. See Strother v. Morrison Cafeteria, 383 So.2d 623 (Fla. 1980).
We reject this contention, because the claimant was traveling at her employer's request to Fort Lauderdale to receive further training. Applicable to this case is the "traveling employees" rule, which states:
Employees whose work entails travel away from the employer's premises are held ... to be within the course of their employment continuously during the trip, except when a distinct department [sic] on a personal errand is shown. Thus, injuries arising out of the necessity of sleeping in hotels or eating in restaurants away from home are usually held compensable.
1A Larson, Workmen's Compensation Law, § 25.00 (1979).
As noted in an authoritative opinion in Ridgway v. Combined Insurance Co. of America, 98 Idaho 410, 565 P.2d 1367, 1372 (1977) (Bistline, Justice, concurring), the traveling employees rule applies not only to traveling sales personnel, but to workers attending conferences or training sessions. Because the appellants have presented no evidence to show a personal errand by the claimant at the time of her rape, it is presumed the injury is compensable. Hacker v. St. Petersburg Kennel Club, 396 So.2d 161 (Fla. 1981).
Accordingly, the deputy commissioner's order is AFFIRMED.
SHIVERS and WENTWORTH, JJ., concur.