416 So.2d 837 (1982)
HARDAWAY CONSTRUCTION COMPANY and Underwriters Adjusting Company, Appellants,
v.
Linda BROOKS, Individually and As Natural Guardian of Jeffrey Ryan Brooks and Laura Renee Brooks, Appellee.
No. AH-315.
District Court of Appeal of Florida, First District.
June 23, 1982.
Rehearing Denied July 26, 1982.
*838 Richard G. Davis of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellants.
Ronald W. Self of Kelly, Denney, Pease & Allison, Columbus, Ga., for appellee.
MILLS, Judge.
The employer/carrier appeal a workers' compensation order awarding death benefits following the murder of John R. Brooks, the husband and father of the appellees. We affirm.
The deceased traveled from his Columbus, Georgia, home to Tampa to conduct an audit for his employer. The employer paid all traveling expenses, including room and meals. He worked one day and made arrangements to return the next day. On the evening of the first day, following a side trip to a dog track, he returned to his motel room. He was found shot to death the next morning in a secluded area of Polk County.
A motel is a traveling employee's place of employment. It is a reasonable factual determination that the crime began at the motel room. We will not disturb this finding by the deputy commissioner.
The evidence of a causal connection in this case is slight. However, bearing in mind that the Workers' Compensation Act is liberally construed in favor of claimants, the burden of showing a nonemployment cause is upon the employer/carrier when the "accident" occurs at the place of employment. We note that there was evidence of other violent crimes connected with the audited company and there was a perceived need for bodyguards by the replacement auditor.
There was no error in the finding that Brooks' murder arose out of and in the course of employment.
McCORD and WENTWORTH, JJ., concur.