465 So.2d 538 (1985)
James A. LEONARD, State Farm Mutual Automobile Insurance Company, Budget Rent-a-Car of Tampa, Inc., and Liberty Mutual Insurance Company, Jointly and Individually, Appellants,
v.
Robert H. DENNIS, Appellee.
BUDGET RENT-A-CAR OF TAMPA, INC., and Liberty Mutual Insurance Company, Appellants,
v.
Robert H. DENNIS, Appellee.
Nos. 83-2175, 83-2293.
District Court of Appeal of Florida, Second District.
February 8, 1985.
Rehearing Denied March 19, 1985.
*539 Jeffrey N. Kramer, Claude H. Tison, Jr., and Stephen H. Sears of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellants Budget Rent-A-Car and Liberty Mutual Insurance Company.
Joseph S. Silver of Miller, McKendree & Somers, Tampa, for appellant State Farm Mutual Automobile Insurance Company.
Stuart C. Markman and D. Frank Winkles of Winkles, Trombley & Kynes, P.A., Tampa, for appellee Robert H. Dennis.
GRIMES, Acting Chief Judge.
These appeals involve the question of whether an employee who was injured through the negligence of his co-employee had the right to sue him as a third party tortfeasor.
Robert Dennis was injured in an accident while he was a passenger in an automobile owned by Budget Rent-A-Car of Tampa, Inc., and driven by his fellow employee James Leonard. Dennis sued Leonard, Budget, and their insurers for damages. The jury returned a $100,000 verdict in favor of Dennis. The defendants/appellants appeal the judgment which was entered on the verdict.
The appellants do not question Leonard's negligence in causing the accident. Rather, they contend that they were entitled to a directed verdict because of Leonard's immunity as a coemployee under section 440.11, Florida Statutes (1981). Dennis does not seek to avoid the impact of the statute by asserting that Leonard was not acting in furtherance of his employer's business or that he was grossly negligent in his driving. Dennis does, however, argue that whether or not his injuries arose out of and in the course of his employment was a question of fact which was properly resolved in his favor by the jury.
*540 The facts relevant to Dennis' employment at the time of the accident may be briefly summarized. Both Dennis and Leonard were employed by the Roy B. Paul Construction Company. In 1981 the company was engaged in the construction of two industrial buildings at Crystal River, Florida. Dennis, who was a resident of Tampa, was the construction supervisor on the project. His practice was to stay in a Crystal River motel on the nights of Monday through Thursday and return to Tampa each weekend. Dennis was paid a per diem allowance for room and meals. He often brought his wife with him to Crystal River where she would stay at the motel without additional charge, though there was no company allowance for her meals.
Leonard, who lived in New Jersey, held the job of project manager. His duties required him to make periodic on-site inspections of the Crystal River construction project. While visiting a job site it was Leonard's practice to take his evening meals with the project construction supervisor so as to have an opportunity to discuss the progress of the job. After work on Thursday, December 3, 1981, at about 7:30 p.m., Dennis and his wife accompanied Leonard to dinner in his rented Budget automobile. The accident occurred while the parties were traveling to a restaurant located two to four miles from the motel where they were staying.
Section 440.09(1), Florida Statutes (1981), provides workers' compensation for injuries "arising out of and in the course of employment." To be compensable, an injury must arise out of employment in the sense of causation and be in the course of employment in the sense of continuity of time, space, and circumstances. Strother v. Morrison Cafeteria, 383 So.2d 623 (Fla. 1980). Since the briefs focus primarily on whether Dennis was injured in the course of employment, this aspect of the matter will be considered first.
The law of workers' compensation has always recognized a difference between the employment status of off-duty employees whose work does not entail travel away from the employer's premises and traveling employees in their off-duty hours. Ordinarily, an employee in the former category is covered by workers' compensation only when he is on a mission related to his employer's work. However, a traveling employee is deemed to be in the continuous conduct of his employer's business including those times when he is not actually at work but is engaged in such normal and necessary activities as eating and sleeping. As the court noted in N & L Auto Parts Co. v. Doman, 111 So.2d 270 (Fla. 1st DCA 1959), cert. discharged, 117 So.2d 410 (Fla. 1960):
The general rule is that an employee whose work entails travel away from the employer's premises is within the course of his employment at all times during the trip other than when there is a distinct departure for a non-essential personal errand. Injuries incurred during such travel and while attending to the normal creature comforts and reasonably comprehended necessities, as distinguished from those incurred in the course of amusement ventures are usually held to be compensable. Compensation in such areas is predicated on the premise that these acts do not take the employee out of the scope of employment because they are necessary to his health and comfort; that although such acts are personal to the employee, nevertheless they are expected incidents of his away-from-home employment and indirectly if not directly benefit the employer; that such acts, therefore, are not in fact deviations from the course of employment.
111 So.2d at 271-272.
In applying the "traveling employee" rule, our sister court in Jean Barnes Collections v. Elston, 413 So.2d 797 (Fla. 1st DCA 1982), quoted 1A A. Larson, The Law of Workmen's Compensation § 25.00 (1979), as follows:
"Employees whose work entails travel away from the employer's premises are held ... to be within the course of their employment continuously during the trip, except when a distinct department [sic] *541 on a personal errand is shown. Thus, injuries arising out of the necessity of sleeping in hotels or eating in restaurants away from home are usually held compensable."
413 So.2d at 798.
Dennis contends that he had departed on a personal errand at the time of the accident. He suggests that his deviation from the course of employment is demonstrated by the fact that there was a restaurant in the motel where he and Leonard were staying and that there were several others closer than the one to which they were proceeding when the accident occurred. The traveling employee rule has not been so narrowly construed. See, e.g., Leonard Van Stelle, Inc. v. Industrial Accident Commission, 59 Cal.2d 836, 382 P.2d 587, 31 Cal. Rptr. 467 (1963); Crees v. Sheldahl Telephone Co., 258 Iowa 292, 139 N.W.2d 190 (1965); Robinson v. Federal Telephone & Radio Corp., 44 N.J. Super. 294, 130 A.2d 386 (1957); Kohl v. International Harvester Co., 9 A.D.2d 597, 189 N.Y.S.2d 361 (1959); Merritt v. Smith, 269 S.C. 301, 237 S.E.2d 366 (1977). No doubt there is a distance beyond which, if the parties had chosen to drive for dinner, a question of fact would be presented. The eighteen mile side trip for dinner by the traveling salesman in United States Fidelity & Guaranty Co. v. Skinner, 188 Ga. 823, 5 S.E.2d 9 (1939), is the shortest distance in any case brought to our attention which has been held to be a deviation from the course of employment. The rationale of even that case may no longer prevail. See Zurich Insurance Co. v. Zerfass, 106 Ga. App. 714, 128 S.E.2d 75 (1962). Thus, we cannot conclude that a traveling employee risks the forfeiture of his workers' compensation coverage by driving merely four miles in order to obtain his dinner.
Dennis' argument that there was sufficient evidence for the jury to conclude that the parties were not going to dinner for business purposes is beside the point. The traveling employee rule presupposes that the traveling employee is on his employer's business while he is eating meals regardless of whether he is actually conducting business at the time.
Insofar as causation is concerned, to be compensable an injury must have originated from some risk connected with the employment or flowing as a natural consequence from the employment. Southern Bell Telephone & Telegraph Co. v. McCook, 355 So.2d 1166 (Fla. 1977). Injuries clearly not arising out of employment are those which involve risks not aggravated by the employment and which are peculiar to the employee. E.g., Foxworth v. Florida Industrial Commission, 86 So.2d 147 (Fla. 1955) (accident caused by stroke); Bartlett v. Duke University, 284 N.C. 230, 200 S.E.2d 193 (1973) (death caused by choking on meat). According to 1 A. Larson, The Law of Workmen's Compensation § 7.00 (1984):
All risks causing injury to a claimant can be brought within three categories: risks distinctly associated with the employment, risks personal to the claimant, and "neutral" risks  i.e., risks having no particular employment or personal character. Harms from the first are universally compensable. Those from the second are universally noncompensable. It is within the third category that most controversy in modern compensation law occurs. The view that the injury should be deemed to arise out of employment if the conditions of employment put claimant in a position to be injured by the neutral risk is gaining increased acceptance.
The "neutral" risk of an automobile accident is always causally related to employment if it involves an employee whose duties increase his exposure to such a hazard. See Cudahy Packing Co. v. Parramore, 263 U.S. 418, 44 S.Ct. 153, 68 L.Ed. 366 (1923). In recent years, a majority of courts have extended the rule to include all employees so long as the automobile accident occurs as a result of the conditions of the job. 1 A. Larson, The Law of Workmen's Compensation § 9.40 (1984). Since we have already determined that Dennis' trip to the restaurant was within the course *542 of employment, it seems logical to conclude that his injuries caused by the automobile accident were also causally related to his employment. Cf. Hardaway Construction Co. v. Brooks, 416 So.2d 837 (Fla. 1st DCA 1982) (murder of traveling employee in his motel room arose out of employment).
Inasmuch as Dennis' injuries arose out of and in the course of his employment, he was entitled to workers' compensation coverage. As a consequence, his coemployee was immune from liability for negligently causing his injuries. In view of this determination, we need not consider appellee's cross-appeal which seeks a new trial on damages. We reverse and remand the case with directions to enter judgment for the appellants.
LEHAN, J., and LOGAN, PAUL E., Associate Judge, concur.