666 So.2d 232 (1995)
Alex ABRAHAM, Appellant,
v.
Adam DZAFIC, Appellee.
No. 95-01956.
District Court of Appeal of Florida, Second District.
December 29, 1995.
James R. Wilson of Rywant, Alvarez, Jones & Russo, P.A., Tampa, for Appellant.
Timothy G. Anderson and Leslie L. Harley of Timothy G. Anderson, P.A., Tampa, for Appellee.
FRANK, Acting Chief Judge.
Alex Abraham, driving a van owned by A & K Service Corporation, collided with another A & K van in which Adam Dzafic was riding. The injured Dzafic sued both A & K and Abraham. A & K and Abraham each filed a motion for final summary judgment alleging essentially that, as a matter of law, Dzafic was injured in the course and scope of his employment and was therefore entitled to worker's compensation coverage. A further contention was that A & K, as Dzafic's employer, and Abraham, as Dzafic's co-employee, were immune from liability pursuant to section 440.11, Florida Statutes (1993). After a hearing, the trial court granted A & K's motion but denied Abraham's. Abraham has appealed and we reverse.
The accident occurred as the A & K employees were traveling from a job site at the Publix grocery store in Fernandina Beach to a hotel in that area to spend the balance of the day before traveling to another Florida job site. A & K's supervisor had chosen the hotel for the employees and the company gave them a stipend for food. At no time did Dzafic allege that Abraham acted wantonly, recklessly, or with gross negligence.
*233 The trial court held that A & K was entitled to immunity from suit under section 440.11, Florida Statutes (1993). That same statute also provides Abraham immunity from suit if he is "acting in furtherance of the employer's business," if Dzafic is entitled to receive worker's compensation benefits, if Abraham had not acted "with willful and wanton disregard or unprovoked physical aggression" or with gross negligence, or if Abraham and Dzafic had been acting in furtherance of the employer's business but were not "assigned primarily to unrelated works."
Because the workers' compensation immunity provisions are not applicable to an employer unless the injury arises "out of and in the course of employment," section 440.09(1), Florida Statutes (1993), the trial court's entry of summary judgment in favor of A & K implicitly held that Dzafic, traveling in the van from work, was acting "in the course of employment" when he was injured. The only inference to be drawn from that fact is that Abraham, driving another van from the same place, was also acting "in furtherance of the employer's business." At the time of the accident, both Abraham and Dzafic were traveling employees, "deemed to be in the continuous conduct of [the] employer's business." Leonard v. Dennis, 465 So.2d 538, 540 (Fla. 2d DCA), rev. denied, 476 So.2d 673 (Fla. 1985). See also McCarroll v. Reagan, 396 So.2d 239 (Fla. 2d DCA 1981).
The trial court might have concluded that co-employee immunity was not applicable because Abraham and Dzafic were "assigned primarily to unrelated works." Nothing in the facts we have considered suggests that such is the case, however. Abraham and Dzafic were employees of the same contractor working on the same construction site. Having simultaneously finished their work, they were traveling together to the same hotel for rest and relaxation. Although one was a painter and the other was a fluorescent lighting technician, and their work skills may have been "unrelated," their work was not. The holding of Johnson v. Comet Steel Erection, Inc., 435 So.2d 908, 909 (Fla. 3d DCA 1983), is instructive in this case:
Where appellant, an employee of the general contractor, was injured as a result of the ordinary negligence of the subcontractor's employee while both were employed on-site in the same construction project, the fact that appellant was a common laborer for the general contractor and the tortfeasor was a welder for the subcontractor did not make their work "unrelated" so that the immunity enjoyed by the subcontractor from suit by an employee of the general contractor would be inapplicable.
There was no allegation that Abraham was grossly negligent or that he engaged in other behavior that would cause a loss of his co-employee immunity. Hence, we reverse and remand with the direction that the trial court enter a final summary judgment for Abraham.
LAZZARA and QUINCE, JJ., concur.