GREEN, Judge.
Lennox Griffith appeals a final summary judgment finding that appellee, Budget Rent-A-Car Systems, Inc. was entitled to workers’ compensation immunity to this action. We affirm.
*295 Griffith and his supervisor, Charles Stafford were returning home to Miami after a week long business related convention in Mississippi when they were involved in an automobile accident. At the time of the accident, Griffith and Stafford were traveling in a car rented from Budget at their employer’s expense. Just prior to the accident, Stafford had driven Griffith home when Griffith suddenly remembered that his apartment keys had been left at their business office. Without unloading any of Griffith’s luggage or belongings, Stafford proceeded to drive Griffith to their place of employment to retrieve Griffith’s keys. While en route to the office, they were involved in an automobile accident causing serious personal injury to Griffith. Griffith thereafter received over $450,000 in workers’ compensation benefits from his employer.
Griffith filed the action below against Budget alleging that it was vicariously liable for Stafford’s negligent operation of Budget’s vehicle under Florida’s dangerous instrumentality doctrine. Budget moved for and was granted final summary judgment on its affirmative defense of workers’ compensation immunity.
The law is well-settled, first of all, that when a dangerous instrumentality such as an automobile is leased to an employer, the lessor shares the employer’s workers’ compensation immunity from suit by the employee for personal injuries. Smith v. Ryder Truck Rentals, Inc., 182 So.2d 422, 424 (Fla.1966); Sherrill v. Corbett Cranes Servs., Inc., 656 So.2d 181, 183 (Fla. 5th DCA 1995); Morales v. Ryder Truck Rental, 559 So.2d 317, 318 (Fla. 3d DCA), rev. denied, 574 So.2d 142 (Fla.1990). Budget therefore would enjoy any workers’ compensation immunity to which Griffith’s employer is entitled. On this appeal, Griffith does not challenge this established principle but asserts that there is no workers’ compensation immunity at all for his injuries because they were not sustained within the scope and course of his employment but were sustained while he was on a purely personal errand.
Based upon the “traveling employee’s rule,” we disagree with Griffith’s contention on this appeal. That rule, succinctly summarized in N & L Auto Parts Co. v. Doman, 111 So.2d 270 (Fla. 1st DCA 1959), cert. discharged, 117 So.2d 410 (Fla.1960) is as follows:
[A]n employee whose work entails travel away from the employer’s premises is within the course of his employment at all times during the trip other than when there is a distinct departure for a nonessential personal errand.
Id. at 271-72. See also Garver v. Eastern Airlines, 553 So.2d 263, 264 (Fla. 1st DCA 1989), rev. denied, 562 So.2d 345 (Fla.1990); Pan American World Airways v. Wilmot, 492 So.2d 1373, 1374 (Fla. 1st DCA 1986); Gray v. Eastern Airlines, Inc., 475 So.2d 1288, 1290 (Fla. 1st DCA 1985), rev. denied, 484 So.2d 8 (Fla.1986); Leonard v. Dennis, 465 So.2d 538, 540 (Fla. 2d DCA), rev. denied, 476 So.2d 673 (Fla.1985). Griffith maintains that his detour to the office with Stafford to retrieve his keys constitutes such a distinct departure from his business travel. The traveling employee rule, however, has never been so narrowly construed, particularly where the injuries sustained by the employee is the result of an automobile accident. See, e.g., Krause v. West Lumber Co., 227 So.2d 486, 488 (Fla.1969) (while returning to office for meeting, salesman was injured in auto accident after taking his wife home, the court held that the fact that the employee’s personal convenience was being served simultaneously with the interests of his employer, did not preclude recovery for compensation benefits); Levine v. Builders Aluminum Stone Co., 186 So.2d 26, 27-28 (Fla.1966) (traveling employee who at the time of injury was engaged in both a personal and business activity is not barred from workers’ compensation recovery); Rockhaulers, Inc. v. Davis, 554 So.2d 654, 656 (Fla. 1st DCA 1989) (finding where truck driver was struck and killed by a vehicle as he exited truck to walk along the highway to attempt to offer assistance to others injured in another accident court rejected employer’s argument that trucker’s rescue efforts were non-work related or not in furtherance of job); Garver, 553 So.2d at 268 (finding flight attendant who was injured in Los Angeles in an automobile accident with a friend during a delayed flight layover was entitled to compensation benefits under the traveling em-
*296 ployee rule even though at the time of her injuries she was engaged in a purely social endeavor); Leonard, 465 So.2d at 541-42 (deciding employee entitled to benefits under traveling employee rule for injuries sustained in automobile accident while en route to dinner during a business trip). The recurring theme in these cases is that injuries sustained by traveling employees as a result of automobile accidents are generally deemed causally related to employment, even where the employee is simultaneously engaged in personal matters as part of the trip. As explained by the Leonard court, an automobile accident is a “neutral” risk which is always causally related to employment if it involves an employee whose duties increased his or her exposure to such a hazard:
All risks causing injury to a claimant can be brought within three categories: risks distinctly associated with the employment, risks personal to the claimant, and “neutral” risks — i.e., risks having no particular employment or personal character. Harms from the first are universally com-pensable. Those from the second are universally noncompensable. It is within the third category that most controversy in modern compensation law occurs. The view that the injury should be deemed to arise out of employment if the conditions of employment put claimant in a position to be injured by the neutral risk is gaining increased acceptance.
Id. at 541 (quoting 1 A. Larson, The Law of Workmen’s Compensation § 7.00 (1984)).
Based upon all of the foregoing authorities, we similarly conclude that under the “traveling employee rule,” Griffith’s accident was work related even when it occurred at a time when Griffith was simultaneously on a personal endeavor. Inasmuch as we have found that Griffith’s injuries to be work related, we find that the trial court correctly determined that the lessor of the automobile was likewise entitled to tort immunity from this cause. The summary judgment entered in favor of Budget is therefore affirmed.
Affirmed.