883 So.2d 356 (2004)
David THOMPSON, Appellant,
v.
KELLER FOUNDATIONS, INC. and Zurich North American, Appellees.
No. 1D04-607.
District Court of Appeal of Florida, First District.
September 27, 2004.
*357 Matthew E. Noyes, Clearwater, for Appellant.
W. Gregory Lockeby of George, Hartz, Lundeen, Fulmer, Johnstone, King & Stevens, Orlando, for Appellees.
PER CURIAM.
Because the appellant, a traveling construction worker, joined several co-workers playing pool and eating wings at a sports bar for an hour prior to driving to a restaurant for dinner (during which drive the appellant was injured in an accident that was not his fault), the Judge of Compensation Claims (JCC) concluded that the appellant's injuries were sustained while the appellant was engaged in amusement activities and were therefore not compensable. Although the JCC's findings of fact are supported by competent substantial evidence, we disagree with the JCC's conclusion that the appellant's act of driving to dinner, after playing pool for an hour, was not a risk reasonably incidental to the conditions of the appellant's employment. See Garver v. Eastern Airlines, 553 So.2d 263, 267 (Fla. 1st DCA 1989).
"A traveling employee is deemed to be in the continuous conduct of his employer's business including those times when he is not actually at work but is engaged in ... normal and necessary activities." See Ramirez v. Farish, 855 So.2d 1182, 1184 (Fla. 1st DCA 2003), citing Leonard v. Dennis, 465 So.2d 538, 540 (Fla. 2d DCA 1985). Thus, so long as a traveling employee's injury arises out of a risk which is reasonably incidental to the conditions of employment, the injury will be compensable. See Garver v. Eastern Airlines, 553 So.2d at 267.
Although the appellant may have been engaged in amusement activities immediately prior to the accident, the JCC did not make any findings sufficient to conclude that this traveling construction worker was not attending to a normal creature comfort and a reasonable necessitydriving to dinnerwhen his injuries were sustained. See Ramirez, 855 So.2d at 1184. Accordingly, the JCC's order is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
DAVIS, BROWNING and HAWKES, JJ., CONCUR.