MILLS, Judge.
In this workers’ compensation appeal, the claimant contends the deputy commissioner erred in ruling that his injuries did not arise out of and in the course of employment. We agree and reverse.
William Mayhew worked for Kelly-Johnston Enterprises as a supervisor in Kelly-Johnston’s Duff’s restaurants division. On 29 March 1984, he was injured in an automobile accident, and he filed for workers’ compensation. The employer/carrier controverted the claim, contending, among other things, that the accident did not arise within the course and scope of employment. The deputy commissioner agreed and found the accident noncompensable.
The evidence at the hearing was that Mayhew’s job duties included recruiting and hiring managerial personnel for Duff’s Smorgasbord restaurants in South Florida. In this capacity, he asked two friends and former co-workers in the restaurant business to come to Broward County from their homes in Kansas City, Missouri, to discuss working with the Duff’s division of Kelly-Johnston Enterprises. These two recruits, Tipton and Guess, arrived at Mayhew’s home in Coral Springs on the evening of 28 March 1984. They spent the night there, and the next morning they rode with May-hew in a company car to a Duff’s restaurant in Fort Lauderdale. The trio stayed *1190 at this restaurant approximately four hours. They then drove to another Duffs restaurant in Pembroke Pines and stayed there four hours.
When the three men left the Pembroke Pines Duffs, Mayhew intended to take them to a third Duffs in Delray Beach. On the way, however, they stopped at a Chi-Chi’s restaurant — one of a chain of restaurants also owned by Kelly-Johnston Enterprises. There, they sat in the lounge and drank two margaritas each. After approximately two hours, they left this ChiChi’s and drove to another Chi-Chi’s in Fort Lauderdale. They had more drinks there. After about forty-five minutes, they left the second Chi-Chi’s and drove towards the Fort Lauderdale oceanfront “strip.” May-hew was injured when the company car he was driving struck a tree. Tipton testified he thought they were going home, not to the strip, when the accident occurred.
There was undisputed testimony that the employer reimbursed Mayhew for the costs of recruiting Tipton and Guess, including the costs of the drinks at both Chi-Chi’s. Mayhew testified without contradiction that recruiting commonly involved entertaining and showing recruits from out of town around the area. There was also undisputed testimony that Mayhew offered Tipton and Guess employment with Duffs, contingent upon their passing a polygraph examination, while they were at the second Chi-Chi’s. Tipton and Guess accepted the offers, but continued to discuss their future employment with Mayhew after they left the second Chi-Chi’s in the company car immediately prior to the accident. Mayhew testified that although he had at one time worked for the Chi-Chi’s division of Kelly-Johnston Enterprises and, in fact, had been the manager of the second ChiChi’s where the three had stopped, he had nothing to do with hiring personnel for the Chi-Chi's division at the time of the accident. But he also testified that employee transfer from the Duffs division to the Chi-Chi’s division was possible and that Tip-ton and Guess were interested in seeing the Chi-Chi’s operation.
Section 440.09(1), Florida Statutes (1983), provides that compensation shall be payable only if the injury arises out of and in the course of employment. The deputy commissioner concluded: “at least from the stop at the second Chi-Chi’s, the claimant was entertaining two friends from out of town whom he had know (sic) previously, he was showing them the nightlife of Fort Lauderdale, and that he never returned to the pursuit of his employer’s interests.” This conclusion, however, conflicts with the uncontradicted testimony that Mayhew offered Tipton and Guess jobs while they were at the second Chi-Chi’s, and that they continued to discuss employment with Kelly-Johnston after they left there.
The testimony was uncontradicted that Tipton and Guess were being recruited by Mayhew for the benefit of the employer. It was also uncontradicted that one of May-hew’s job duties was managerial recruitment. The employer had knowledge of Tipton’s and Guess’s visit to Ft. Lauderdale and its purpose. The employer even reimbursed Mayhew for the costs of the recruitment, including the costs of the drinks at both Chi-Chi’s. There was no testimony as to what limitations, if any, the employer put on the manner of recruitment. In view of these facts, and the evidence that May-hew, Tipton, and Guess continued to discuss employment with Kelly-Johnston after they left the second Chi-Chi’s restaurant, the deputy commissioner erred in finding the accident occurred outside the course and scope of employment.
In so holding, we emphasize the particular facts of the case at bar. We do not hold that injuries resulting from accidents during what the employer/carrier characterizes here as an employee bar-hopping spree arise out of and in the course of employment as a matter of law. We simply conclude that the evidence presented to the deputy commissioner showed the entire trip Mayhew took with Tipton and Guess had at least a partial business component, and that the employer/carrier failed to show a distinct personal errand departure from the business of managerial recruitment. See McRae Fire Protection v. McRae, 493 So.2d 1105 (Fla. 1st DCA 1986).
*1191 REVERSED and REMANDED for further proceedings not inconsistent with this opinion.
WENTWORTH and BARFIELD, JJ., concur.